ORIGINAL

NORTHERN DISTRICT OF TX
FILED

DEC 18 PH 3: 35

DEPUTY CLERK_____ ✗

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF TEXAS
## NORTHERN DIVISION

Civil Action No.   **3 - 20 CV3677 - N**

WINSTON WESLEY NOLES                                    , Plaintiff,

v.

NICK DIAL                                              , Defendant.
POLICE OFFICER, ROYSE CITY, TX
in his individual capacity

and

KEITH SHORT
POLICE OFFICER, ROYSE CITY, TX
in his individual capacity

---

## COMPLAINT AND JURY DEMAND

---

## A.     PLAINTIFF INFORMATION

Plaintiff            WINSTON WESLEY NOLES            is a citizen of  THE UNITED STATES
who presently resides at the following address:

    ADDRESS: 11452 County Road B, Manzanola, Colorado 81058
    TELEPHONE: 214-874-5605
    EMAIL: WinstonOttoNoles@gmail.com

Page 1 of 49

## B.   DEFENDANT(S) INFORMATION

Defendant        NICK DIAL                                      is a citizen of  THE UNITED STATES
who may presently be employed by Royse City Police Department with offices at:
                     100 W Main St, Royse City, TX 75189
Defendant        KEITH SHORT                                              THE UNITED STATES
who may presently be employed by Sunnyvale Police Department with offices at:
                     364 Long Creek Rd, Sunnyvale, TX 75182

## C.   JURISDICTION

Jurisdiction is asserted pursuant to following statutory authorities:

28 U.S.C. §§ 1331, 1343 and 1391

42 U.S.C. § 1988

42 U.S.C. § 1983: FIRST, FOURTH AND FOURTEENTH AMENDMENTS

## D.     STATEMENT OF CLAIM(S)

### SUMMARY OF VIOLATIONS FOR WHICH RELIEF IS SOUGHT

**FIRST CLAIM FOR RELIEF:**
>  42 U.S.C. § 1983
>  UNLAWFUL SEARCH – WARRANTLESS SEARCH OF PROPERTY
>  SUBSTANTIVE, PROCEDURAL VIA THE FOURTH AMENDMENT

### SECOND CLAIM FOR RELIEF:

42 U.S.C. § 1983
>  UNLAWFUL SEARCH – WARRANTLESS SEIZURE OF PROPERTY
>  SUBSTANTIVE, PROCEDURAL VIA THE FOURTH AMENDMENT

### THIRD CLAIM FOR RELIEF

42 U.S.C. § 1983
>  DUE PROCESS – PROPERTY DEPRIVATION
>  SUBSTANTIVE, PROCEDURAL VIA THE FOURTEENTH AMENDMENT

### FOURTH CLAIM FOR RELIEF
42 U.S.C. § 1983
>  DUE PROCESS – UNLAWFUL ARREST WITHOUT PROBABLE CAUSE
>  SUBSTANTIVE, PROCEDURAL VIA THE FOURTEENTH AMENDMENT

### FIFTH CLAIM FOR RELIEF

 42 U.S.C. § 1983- FIRST AMENDMENT

CONTENT VIEWPOINT CENSORShiP

SUBSTANTIVE, PROCEDURAL VIA THE FIRST AMENDMENT

## SIXTH CLAIM FOR RELIEF

42 U.S.C. § 1983- FIRST AMENDMENT VIOLATION DUE PROCESS - CONTENT

VIEWPOINT CENSORSHIP

## SEVENTH CLAIM FOR RELIEF
42 U.S.C. § 1983 - FOURTH AMENDMENT
UNLAWFUL SEIZURE - WARRANTLESS SEIZURE OF ACTIVE CAMERA

## EIGHTH CLAIM FOR RELIEF
42 U.S.C. § 1983 -FIRST AMENDMENT FREE SPEECH/ FREE PRESS;
 CENSORSHIP; PRIOR RESTRAINT: RECORDING INTERFERENCE

## NINTH CLAIM FOR RELIEF
42 U.S.C. § 1983 -FOURTEENTH AMENDMENT VIOLATIONS
 DUE PROCESS: DEPRIVATION OF PROPERTY INTERESTS

## TENTH CLAIM FOR RELIEF
42 U.S.C. § 1983 -FOURTEENTH AMENDMENT VIOLATIONS
DUE PROCESS- PROPERTY DEPRIVATION, CONTENT DESTRUCTION

## ELEVENTH CLAIM FOR RELIEF
42 U.S.C. § 1983 -FIRST AMENDMENT VIOLATION
 RETALIATION FOR SPEECH

## COMPLAINT AND JURY DEMAND

Plaintiff, Winston Wesley Noles, Pro Se, respectfully alleges for his **Complaint** and **Jury**

**Demand** as follows:

## INTRODUCTION / STATEMENTS OF FACT





1.  On 2018DEC15 at about noon, Plaintiff, Winston Noles, was standing on PUBLIC
    PROPERTY displaying various political placards to include: "SHIT IS FUCKED UP
    AND STUFF", "GIVE ME LIBERTY OR GIVE ME DEATH", "WELL, THE SYSTEM
    ISN'T GOING TO FUCK ITSELF", and "FREE FOOD: POTATOES AND CARROTS"[1]
    . (First three shown below):

---

[1]   The morning before this incident, Plaintiff was given an excess of potatoes and carrots to distribute to the needy
from a near-by church.  This offer message was inscribed on the reverse of one of these placards.

2.    Dozens of vehicles passed by Plaintiff over a period of about 30 minutes.

3.    During Plaintiff's peaceful demonstration, Plaintiff periodically swapped between the three above messages being displayed.

4.    During Plaintiff's peaceful demonstration, several passersby honked, smiled, waved, laughed, or otherwise expressed statements or gestures commonly understood in North American culture to be supportive of Plaintiff's viewpoints.

5.    At no time during Plaintiff's demonstration did any private person ever approach Plaintiff to express displeasure with- objection to- or to complain about- his message.

6.    About 15 minutes into Plaintiff's demonstration, Royse City Police officer Nick Dial arrived on scene by parking at the stop sign in the left-most lane of traffic without activating any overhead emergency lighting and approached Plaintiff.

7.    Defendant Dial was, at the time of this incident, a fully uniformed and armed law enforcement officer employed by the Royse City, Tx, Police Department.

8.    Defendant Dial was rank of sergeant on 12-18-2018.

9.    At all times relevant to this action, Defendant Dial was acting under full color of law in his capacity as a law enforcement officer employed by Royse City, Tx.

10.   Plaintiff has a FIRST AMENDMENT PROTECTED RIGHT TO FREE SPEECH.

11.   Being the rank: of sergeant, Defendant Dial knew, or certainly should have known, the plaintiff has a FIRST AMENDMENT PROTECTED RIGHT TO FREE SPEECH.

12.   At the time officer Dial arrived, the message Plaintiff was displaying was "GIVE ME LIBERTY OR GIVE ME DEATH".

13.   Defendant Dial was one of three Royce City Police Officers dispatched to Plaintiff's location based on a complaint from a civilian of a man holding a sign with profanities.

14.    Specifically, the caller reported a sign reading "SHIT IS FUCKED UP AND STUFF'.

15.    In addition to Defendant Dial, officer Johnny Clark RCPD and officer Kieth Short RCPD
       also dispatched.

16.    While responding to Plaintiff's location, because the officers had activated their
       dash-mounted camera devices., officer's comments leading up to, during and following
       the incident were memorialized.

17.    Defendant Dial and DEFENDANT Short laughed at hearing the report of a man holding a
       sign reading "SHIT IS FUCKED UP AND STUFF"

18.    Defendant Dial and DEFENDANT Short joked: "Maybe we should send him over to
       Austin! Hahaha!".

19.    Defendant Dial and officer Short arrived at the scene shortly afterward

20.    Defendant Dial did not activate his overhead emergency lights when he parked his
       marked patrol vehicle in the left tum lane of the frontage road behind Plaintiff.

21. When Defendant Dial pulled up,.he exited his vehicle and walked up to and behind Plaintiff.

22. Defendant Dial positioned himself behind and on a hill above the Plaintiff.

23. Defendant Dial positioned himself behind and on a hill above the Plaintiff intentionally to
encircle and intimidate Plaintiff

24. Defendant Dial took control of the scene from officer Clark upon his arrival.

 25. Defendant Dial attempted to verbally coerce Plaintiff to consent to a search of his other
signs.

26. Defendant Dial did not have a Warrant signed by a judge, which specifically described places to be searched and detailing the items to be seized.

27. Plaintiff repeatedly refused any searches.

28. Defendant Dial then made multiple advances attempting to forcibly seiu Plaintiffs signs from his possession to which Plaintiff objected.

29. Defendant Dial became enraged when Plaintiff evoked his 4th amendment Rights.

30. Defendant Dial punched the signs out of Plaintiff's hands and ku;kcd them toward the street

31. Officer Clarlc was so shocked at this surprise act of violence that he jumped dangerously backwards toward the street behind him.

32. Officer Short turned Plainti:trs stationary, Tripod mounted camera away upon seeing Defendant Dials behavior depriving the Plaintiff of bis Property rights to content gathering.

33. At this point, Defendant Dial Conducted an ILLEGAL SEARCH of the plaintiff's property.

34. The plaintiff Is guaranteed protection under the 4th amendment from unlawful searches and seizures.

35. Based on his extensive experience in Law Enforcement, Defendant Dial knew, or certainly should have known the Plaintiff had 4th Amendment protections from unlawful search and seizure.

35. Based on his extensive experience in Law Enforcement, Defendant Dial knew, or certainly should have known the Plaintiff had 4th Amendment protections from unlawful search and seizure.

37. Any search or seizure without a warrant specifying the place to be searched and the article to be seized ordered by a judicial officer upon a finding of probable cause as supported by affirmation or oath is presumed to be unlawful and in violation of the Fourth Amendment to the Constitution for the United States.

38. Defendant Dial baited the plaintiffs free speech demonstration by violently punching with a closed fist a peaceful protester and seizing from the plaintiff's possession political placards with messages critical of "The System"

39. Defendant Dial searched the plaintiff's signs without a warrant signed by a Judge.

40. Any official retaliation for the content or viewpoints of the messages expressed by a person to which an official objects is presumed to be unlawful and in violation of the First Amendment to the Constitution for the United States.

41. Citizens protesting law enforcement in public places is a VERY WELL ESTABLISHED RIGHT.

42. Plaintiff is a syndicated journalist who regularly broadcasts and/or publishes stories of, and interactions with law enforcement and government officials.

43. Plaintiff's stories are on topics of great public concern.

44. Plaintiff is known for producing content about police abuse and government corruption.

45. Defendant Dial KNEW or should have known he did not bav_e the authority under the circumstances to make an arrest.

46. Defendant Dial KNEW or should have known he did not have the authority under the circumstances to search Plaintiff's property.

47. Defendant Dial KNEW or should have known he did not have the authority under the circumstances to seize Plaintiff's property.

48. Defendant Dials's unreasonable use of force to conduct a search without probable cause gives rise to Plaintiff's FIRST CLAIM FOR RELIEF

49. Defendant Dial's unlawful seizure of property without probable cause gives rise to Plaintiff's SECOND CLAIM FOR RELIEF

50. Defendant Dial's unlawful use of force to deprive the Plaintiff of property without probable cause gives rise to THIRD CLAIM FOR RELIEF.

51. Defendant Dial's rush to effect an unlawfully arrest the Plaintiff without due process was unlawful gives rise to FORTII CLAIM FOR RELIEF.

52. Defendant Dial's unlawful use of force under the color of law to deprive the Plaintiff of his right to free speech without probable cause of any crime being committed gives rise to FIFTH CLAIM FOR RELIEF.

53. Defendant Dial's unlawful use of force under the color of law to PUNISH the Plaintiff's FREE SPEECH gives rise to SIXTH CLAIM FOR RELIEF.

54. Defendant Dial used force to deprive the Plaintiff of his property.

55. Defendant Dial used force to deprive the Plaintiff of his LIBERTY.

56. The force Defendant Dial used was unlawful.

57. The force Defendant Dial used was objectively unreasonable.

58. The force Defendant Dial used was objectively unnecessary.

59. Defendant Dial Intentionally removed the Plaintiffs signs from his possession constituting a seizure.

60. The Plaintiff did not pose an immediate threat to the police or the public.

61. The Plaintiff was not under arrest at the time of the siziure.

62. Defendant Dial was not in a position to be required to make split second decisions between life and death.

63. Defendant Dial KNEW he was not in any danger from the Plaintiff. 64. Defendant Dial KNEW the Plaintiff was not a risk of evading

65. Defendant Dial Intentionally searched the Plaintiffs Person.

66. Defendant Dial's actions, if perpetrated by a member of the public, could result in criminal charges.

67. Defendant Dial KNEW Ignorance of the law in not a valid defence once the law bas been violated.

68. Defendant Dial Would not have engaged the Plaintiff if the placards bad read "Back the Blue"

69. Defendant Dial's conduct described herein was substantially motivated by a malicious desire to punish Plaintiff for his speech critical of government misconduct. The fear of being subjected to police brutality would chill a person of ordinary firmness from engaging in similar protected speech conduct in violation of the First Amendment to the Constitution for the United States of America, giving rise to PLaintiff's FIFTH CLAIM FOR RELIEF.

70. Plaintiff has standing to assert these claims for relief for the numerous injuries he ~ and continues to suffer, as a direct and proximal result of Defendant Dial's unlawful actions 20 l

8DEC 18 to seize his property and body, and ultimately terminate the plaintiff's free speech demonstration.

71. Plaintiff brings these valid causes for action against Defendant Dial in his personal, individual capacity pursuant to 42 U.S.C. § 1983 -deprivation of rights under color of law.

72. Plaintiff was a resident of Texas and a citizen of the United States at all times relevant to this complaint

73. Defendant Dial was a resident of Texas and a citizen of the United States at all times relevant to this complaint.

74. Plaintiff was engaged in protected free speech in an open public forum.

7 5. Plaintiff's conduct was lawful at all times during this incident

76. It was obvious given the circumstances that the Plaintiff was engaged in a Demonstration of Free Speech.

77. Defendant Dial knew or should have known the Plaintiff's conduct was lawful.

78. It was obvio~given the circumstances that the Plaintiff was recording his Free Speech Demonstration.

79. Defendant Dial KNEW the Plaintiff's Free Speech demonstration was being recorded.

80. Defendant Dial KNEW or SHOULD HAVE KNOWN the Plaintiff's Free Speech demonstration was LEGAL.

81. Defendant Dial KNEW or SHOULD HAVE KNOWN the Plaintiff was engaged in protected speech, and his actions to suppress that speech would be in violation of the First Amendment.

82. Defendant Dial KNEW or SHOULD HAVE KNOWN that ignorance of the existence of a law is not a defence for the violation of that law.

83. Defendant Dial KNEW or SHOULD HAVE KNOWN based of his long work experience and extensive training that the plaintiff was not actively engaged in a criminal episode at the time the Defendant violently assaulted the Plaintiff with malicious intent to interfere with a Free Speech demonstration in order to restrict content and or viewpoint which he PERSONALLY found objectionable.

84. Plaintiff seeks relief for the following specifically enumerated claims:

85. When Defendant Short pulled up, he exited his vehicle and walked up to Plaintiff's recording device, bent over slightly and examined the device's active recording screen for a long time.

86. Defendant Short intentionally reached out with his right arm, grasped the riser pole of Plaintiffs tripod, and deliberately rotated the device about 90 degrees pointing the camera lens away from the scene.

87. Defendant Short was, at the time of this incident, a fully uniformed and armed law enforcement officer employed by the Royse City, Tx, Police Department.

88. At all times relevant to this action, Defendant Short was acting under full color of law in his capacity as a law enforcement officer employed by Royse City, Tx.

89. Any tampering with or preventing the collection of content intended for publication without the Due Processes of Law is presumed to be unlawful and in  violation of the First, Fourth and Fourteenth Amendments to the Constitution for the United States.

90. Any tampering with or preventing the collection of evidence of criminal activity or police brutality without the Due Processes of Law is presumed to be unlawful and in violation of the First, Fourth and Fourteenth Amendments to the Constitution for the United States.

91. Any official retaliation for the content or viewpoints of the messages expressed by a person to which an official objects is presumed to be unlawful and in violation of the First Amendment to the Constitution for the United States.

92. Citizens recording law enforcement in performance of their public duties from public places is a VERY WELL ESTABLISHED RIGHT

93. Plaintiff is a syndicated journalist who regularly broadcasts and/or publishes stories and interactions with law enforcement and government officials.

94. Plaintiffs stories are of great public concern as they contain content about police abuse and corruption.

95. Defendant Short KNEW he did not have the authority under the circumstances to seize control of Plaintiffs recording equipment.

96. Defendant Short KNEW he did not have the authority under the circumstances to seize control of Plaintiffs recording equipment.

97. Defendant Short's conduct grasping and repositioning Plaintiffs equipment constituted a seizure in violation of the Fourth Amendment to the Constitution for the United States of America giving rise to Plaintiffs SEVENTH CLAIM FOR RELIEF.

98. Defendant Short's conduct repositioning Plaintiffs recording device away from the misconduct of his fellow officers constituted a prior restraint on speech because it prevented Plaintiff from gathering the meaningful content of his choosing for his story on a matters of great public concern- police brutality in Royse City, TX in violation of the Fourth Amendment to the

Constitution for the United States of America, giving rise to Plaintiff's EIGHTH CLAIM FOR RELIEF

99. Defendant Short's conduct repositioning Plaintiff's recording device away from the misconduct of his fellow officers deprived Plaintiff his property interests to gather and retain his personal and independent recording of the very genre of police brutality against which he was speaking out in violation of the Fourteenth Amendment to the Constitution for the United States of America, giving rise to Plaintiff's NINTH CLAIM FOR RELIEF.

100. Defendant Short's conduct repositioning Plaintiff's recording device away from the misconduct of his fellow officers constituted tampering with- and/or destruction of material evidence because it prevented Plaintiff from gathering material evidence of police brutality to which he was being subjected interfering and/or precluding with Plaintiff's rights to seek Redress for Grievances through the Due Processes of Law in violation of both the First and Fourteenth Amendments to the Constitution for the United States of America, giving rise to Plaintiff's TENTH CLAIM FOR RELIEF.

111. Defendant Short's conduct described herein was substantially motivated by a malicious desire to punish Plaintiff for his speech critical of government misconduct. The fear of being subjected to police brutality only to have one's deliberately gathered evidence thereof tampered with or destroyed would chill a person of ordinary firmness from engaging in similar protected speech conduct in violation of the First Amendment to the Constitution for the United States of America, giving rise to Plaintiff's ELEVENTH CLAIM FOR RELIEF.

112. Plaintiff has standing to assert these claims for relief for the numerous injuries he suffered, and continues to suffer, as a direct and proximal result of Defendant Short's unlawful actions 2018DEC18 to seize his recording equipment and tamper with the recording configuration and parameters.

113. Plaintiff brings these valid causes for action against Defendant Short in his. personal, individual capacity pursuant to 42 U.S.C. § 1983 -deprivation of rights under color of law

114. It was obvious given the circumstances that the recording equipment was capturing a field of view focused upon and including Plaintiff

115. Plaintiff was engaged in protected free speech in an open public forum.

116. Plaintiffs conduct was lawful at all times during this incident.

117. It was obvious given the circumstances that the recording equipment belonged to Plaintiff

118. It was obvious given the circumstances that the recording equipment was capturing a field of view focused upon and including Plaintiff

119. Defendant Short absolutely knew Plaintiff was using the recording equipment to capture video/audio of events involving Plaintiff and his immediate vicinity.

120. Plaintiff seek relief for the following specifically enumerated claims:

## FIRST CLAIM FOR RELIEF 42 U.S.C. § 1983 - FOURTH AMENDMENT

## UNLAWFUL SEARCH-WARRANTLESS SEARCH OF PROPERI'Y

## (AGAINST DEFENDANT NICK DIAL)

121. Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set forth fully verbatim here.

122. Defendant Dial had no knowledge of any warrants or orders signed by any judicial officer authorizing any seizures of any specified property belonging to Plaintiff.

123. Defendant Dial knew, or certainly should have known, Plaintiff's actions did not give rise to any probable cause that any crime was being, had been, or would imminently likely be committed.

124. Defendant Dial acted under full color of state law when he took physical control of Plaintiff's property without any legitimate lawful authority to do so.

125. Defendant Dial acted under full color of state law when he conducted a Search of Plaintiff's property without any legitimate lawful authority to do so.

126. Plaintiff had a reasonable expectation his property would be~ and unmolested where he was not under arrest at the time of the seizure.

127. Defendant Dial's conduct of removing Plaintiff's property from his possession despite plaintiff's objections constituted a seizure under the Fourth Amendment.

128. Defendant Dial's conduct of violently Punching, Plaintiffs property from his bands constituted a seizure under the Fourth Amendment.

129 The action of striking a persons property if perpetrated by an average citizen would likely result in criminal charges.

130. Defendant Dial's conduct by kicking the Plaintiff's property with his foot constituted a seizure under the Fourth Amendment.

131.. Defendant Dial's seizure of Plaintiff's physical body was objectively reasonable given the circumstances known to the officers at the time of the seizure.

132.. Defendant Dial''s actions to deprive Plaintiff of his property interests were unlawful.

133. Defendant Dial engaged in his conduct intentionally to disrupt Plaintiff's Free Speech Demonstration in a public place.

134. Defendant Dial engaged in his conduct and maliciously intended to deny Plaintiff his rights to adequately and vigorously petition and pursue redress of grievances.

135. Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the Fourth Amendment to the Constitution for the United States when he unreasonably seized Plaintiff's property.

136.  Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the Fourth Amendment to the Constitution for the United States when he unreasonably arrested Plaintiff.

137. Plaintiff sustained injuries~ damages and/or losses to hl,erty and/or property directly and indirectly as a proximal result of Defendant Dial's unreasonable conduct. 102. Defendant Dial's conduct violated clearly established rights secured for Plaintiff by the Fourth Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

138.  Defendant Dial's conduct violated clearly established rights secured for Plaintiff by the First Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

148. Plaintiff seeks relief for these injuries sustained when on 2018DECI 8, Defendant Dial, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiffs Constitutionally Protected Rights, acting under full color of state law, unlawfully seized and searched Plaintiffs property and person - which Plaintiff had full expectation of privacy and security, without any warrant, probable cause, or other legitimate lawful authority to do so, attempting to interfere with and/or prevent Plaintiff's Free Speech Demonstration in a public place.

149. In addition to compensatory, injunctive and declaratory reliefs sought, and fees and costs sought, because Defendant Dial acted with malicious motives, Plaintiff is entitled to punitive damages.

## SECOND CLAIM FOR RELIEF

## 42 U.S.C. § 198.1-FOURTH AMENDMENT

## UNLAWFUL SEIZURE-WARRANTLESS SEIZURE OF PERSONAL EffECTS (AGAINST DEFENDANT NICK DIAL)

150. Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set forth fully verbatim here.

151. Plaintiff was engaged in protected free press,. gathering content for a story on matters of great public concern - police misconduct, in an open public forum.

152. Defendant Dial knew, or certainly should have known, violently punching a peaceful protesters signs and then kicking them for good measure was unlawful.

153. Defendant Dial acted under full color of state law when he took physical control of Plaintiffs political placards effectively halting plaintiff's free speech demonstration.

154. Plaintiff had a reasonable expectation he would be secure and unmolested as he was not under arrest at the time of the seizure.

155 Defendant Dials's conduct prevented Plaintiff from gathering content he intended to publish and thus constituted censorship and a prior restraint on speech under the First Amendment.

156. Defendant Dials's actions to deprive Plaintiff of his property and press interests were unlawful.

157. Defendant Dial's CONDUCT of physically assaulting the Plaintiff was unlawful.

158. Defendant Dial's CONDUCT of kicking the Plaintiff's property was unlawful.

159. Officer Johnny Clark took a defensive posture upon witnessing the CONDUCT of Defendant Dial, Indicating officer Clark found the defendants conduct unreasonable.

160. Officer Short manipulated the Plaintiffs recording device immediately after witnessing the objectively unreasonable conduct of the Defendant.

161. Defendant Dial engaged in his conduct to intentionally interfere and obstruct Plaintiffs Free Speech Demonstration involving the Plaintiff in a public place wu maliciously intended to prevent Plaintiff his rights seek redress of grievances about police misconduct.

162. Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the First Amendment to the Constitution for the United States when he unlawfully censored Plaintiffs free speech.

163. Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Dial's unlawful prior restraint censorship of Plaintiff's viewpoint.

164. Defendant Dial's conduct violated clearly established rights secured for Plaintiff by the First Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

165. Plaintiff seeks relief for these injuries sustained when on 2018DEC 18, Defendant Dial, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiffs Constitutionally Protected Right~ acting under full color of state law, unlawfully seized, searched, and arrested Plaintiff's, thus censoring Plaintiff's demonstration and publication of his story on police misconduct and brutality.

166. In addition to compensatory, injunctive and declaratory reliefs sought, and fees and costs sought, because Defendant Dial acted with malicious motives, Plaintiff is entitled to punitive damages.

### THIRD CLAIM FOR RELIEF

### 41 U.S.C. § 1983-FOURTEENTH AMENDMENT VIOLATIONS

### DUE PROCESS: DEPRIVATION OF PROPERTY INTERESTS

### (AGAINST DEFENDANT NICK DIAL)

167. Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set forth fully verbatim here.

168.. Plaintiff was engaged in protected conduct reconling himself and any potential interactions therewith in an open public forum.

169. Defendant Dial knew, or certainly should have known, that seizing Plaintiff's political placards during an unlawful police encounter would prevent Plaintiff from sharing his message thereby ce

170.  Defendant Dial acted under full color of state law when he took physical control of Plaintiff's political placards without any legitimate lawful authority to do so.

171. Plaintiff had a reasonable expectation his property would be secure and unmolested to continue speaking his message where he was not under arrest at the time of the seizure.

172. Defendant Dial's conduct grasping, striking, kicking, and taking permanent possession of Plaintiff's property prevented Plaintiff from gathering content he intended to publish or use in litigation.

173. Defendant Dial's conduct to deprive Plaintiff of his property interest where unlawful.

174. Defendant Dial was not in any fear for his safety or the safety of the public at large at any time during the relevant events of this case.

175. Defendant Dial threatened the plaintiff with a forceful loss of his liberty if the Plaintiff did not willingly give up his right to be secure in his property and effects by consenting to an objectively unreasonable search of his property.

176. Defendant Dial engaged in his conduct to intentionally obstruct Plaintiff's Protected rights to protest in a public place and was maliciously intended to prevent Plaintiff his rights to protest against police misconduct

177. Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with. reckless disregard of- and/or with deliberate indifference to- Plaintiffs rights secured by the Fourteenth Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff his property interests without the Due Processes of Law.

178. Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Dial's unlawful censorship of Plaintiffs Political placards.

179. Defendant Dial's conduct violated clearly established rights secured for Plaintiff by the Fourteenth Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

180. Plaintiff seeks relief for these injuries sustained when on 20 1 8DEC 18, Defendant Dial, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiff's Constitutionally Protected Rights, acting under full color of state law, unlawfully took possession

of Plaintiff's political speech thus censoring Plaintiff's viewpoint on police misconduct and brutality.

181. In addition to compensatory, injunctive and declaratory reliefs sought, and fees and costs sought, because Defendant Dial acted with malicious motives, Plaintiff is entitled to punitive damages.

182. Defendant Dial had not received any reports or alleptions of the Plaintiff having committed any crime

183  Defendant Dial at no point witnessed the Plaintiff commit a crime.

184. Defendant Dial effected an OBJECTIVELY UNREASONABLE arrest, and ORDERED his subordinate Johnny Clark to participate in his carefully CALCULATED scheme to deprive the Plaintiff of bis essential Liberties.

## FOURTH CLAIM FOR RELIEF

## 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT VIOLATION

## UNLAWFUL ARREST - WITHOUT PROBABLE CAUSE

(AGAINST DEFENDANT NICK DIAL)

185 Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set forth fully verbatim here.

186. Plaintiff was engaged in First Amendment protected conduct recording himself and any potential interactions therewith in an open public forum.

187. Defendant dial did not identify himself as a police officer.

188. Defendant Dial intentionally attempted to intimidate the Plaintiff into forfeiting his Fifth Amendment Right to Remain Silent by making various threats of criminal charges and use of force against and in violation of the Plaintiff's Fourth, Fifth, and Fourteenth Amendment Rights secured in the constitution of the United States.

189 Defendant Dial Was utilizing a marked patrol vehicle at all times relevant to this case .

190 Defendant Dial knew, or certainly should have known, that seizing Plaintiff's political placards would prevent Plaintiff from continuing his free speech demonstration and censor his ability to demonstrate in the manner he might see fit

191. Defendant Dial acted under full color of state law when he took physical control of Plaintiff's physical body without any legitimate lawful authority to do so.

192. Plaintiff had a reasonable expectation his liberty and property would be secure and unmolested and he would continue to display his political placards as he was not under arrest at the time of the seizure.

193. Defendant Dial's conduct grasping, striking, kicking, and or arresting Plaintiff's political placards and physical body prevented Plaintiff from a free speech demonstration and the gathering of content he intended to publish.

194. Defendant Dial's actions to deprive Plaintiff of his property and evidence interest were unlawful.

195.  Defendant Dial responerate indifference to- Plaintiff's rights secured by the Fourteenth Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff his property interests without the Due Processes of Law.

196. Defendant Dial KNEW Plaintiff's recording activities bad 1he potential to become material evidence against himself or his fellow officers should there be any allegations of misconduct raised by Plaintiff arising from the events unfolding.

197. Defendant Dial CALCULATED that censoring a~viewpoint  would be in the selfish best interests of himself and/or his fellow officers.

198. It was Defendant Dial's intentionally designed malicious scheme to deprive Plaintiff of the ability to express a viewpoint critical of police with the express intention of silencing Plaintiff's speech and chilling any further demonstrations.

199 Defendant Dial engaged in his conduct to intentionally silence the Plaintiff in a public place and was maliciously intended to prevent Plaintiff his right to speak on matters of great public concern.

200.  Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the Fourteenth Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff his property interests without the Due Processes of Law.

201 Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the First Amendment to the Constitution for the United Stat.es when he unlawfully deprived Plaintiff the full ability to Petition the Government for Redress of Grievances by interfering with Plaintiff's political placards Halting his free .speech demonstration..

202. Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Dial's unlawful seizure and search of Plaintiff's person and property, thus destroying Plaintiff's ability to seek redress of grievances.

203. Defendant Dial's conduct violated clearly established rights secured for Plaintiff by the Fourteenth Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

204. Plaintiff seeks relief for these injuries sustained when on 20 I 8DEC 16, Defendant Dial, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiffs Constitutionally Protected Rights, acting under full color of state law, unlawfully seized,

searched, and unlawfully arrested the Plaintiff's thus censoring Plaintiff's publication of his story on police misconduct and brutality.

205. In addition to compensatory, injunctive and declaratory reliefs sought, and fees and costs sought, because Defendant Dial acted with malicious motives, Plaintiff is entitled to punitive damages.

206. Defendant Dial used his presumed authority under the color of law to seize the plaintiff's physical body by knowingly and intentionally creating an environment where a person of ordinary sensibilities would not have felt free to leave, Thus constituting an arrest and size of the plaintiff.

### FIFfH CLAIM FOR RELIEF

### 42 U.S.C. § 1983- FIRST AMENDMENT VIOLATION

### DUE PROCESS - CONTENT VIEWPOINT CENSORSHIP

### (AGAINST DEFENDANT NICK DIAL)

207 Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set forth fully verbatim here.

208. Plaintiff was engaged in protected political speech speaking out on matters of public concern in an open public forum.

209. Plaintiff was engaged in protected conduct recording himself and any potential interactions therewith in an open public forum.

210. Defendant Dial acted under full color of state law when he took physical control of Plaintiffs political placards and physical body without any legitimate lawful authority to do so.

211. Defendant Dial KNEW Plaintiffs recording activities bad the potential to become material evidence against himself or his fellow officers should there be any allegations of misconduct raised by Plaintiff arising from the events unfolding.

212. Defendant Dial CALCULATED that concealing any misconduct would be in the selfish best interests of himself and/or his fellow officers.

213.. Defendant Dial's conduct to deprive Plaintiff of his right to free speech and to conceal police misconduct in response to- and/or in retaliation for- protected free speech and/or press activities by unlawfully arresting the Plaintiff which would chill a person of ordinary firmness from engaging in similar speech or press conduct.

214. Defendant Dial engaged in his conduct to deprive Plaintiff his ESSENTIAL LIBERTIES in retaliation for the viewpoint being expressed which was substantially motivated by malicious motives other than to seek justice for a person believed to have committed a crime; specifically, Dial intended to punish Plaintiff for his content and/or viewpoint to which he objected and/or to conceal the evidence of unlawful "street justice" imposed by himself and/or his fellow officers.

215. Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the Fourteenth Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff his property interests without the Due Processes of Law.
216. Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the First Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff the full ability to Petition the Government for Redress of Grievances by interfering with the collection of material intended for publication .

217. Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Dial's unlawful arrest with Plaintiff's recording device thus destroying Plaintiff's ability to express to the public matters of public concern.

218. Defendant Dial's conduct violated clearly established rights secured for Plaintiff by the First Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

219. Plaintiff seeks relief for these injuries sustained when on 2018DEC18, Defendant Dial, wantonly, intentionally, maliciously, knowingly, willfully, desperately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiff's Constitutionally Protected Rights, acting under full color of state law, unlawfully assaulted the plaintiff and stole his property.

220. In addition to compensatory, injunctive and declaratory reliefs sought, and fees and costs sought, because Defendant Dial acted with malicious motives, Plaintiff is entitled to punitive damages.

### SIXTH CLAIM FOR RELIEF

### 42 U.S.C. § 198.1- FIRST AMENDMENT VIOLATION

### RETALIATION FOR SPEECH - CONTENT VIEWPOINT CENSORSHIP

### (AGAINST DEFENDANT NICK DIAL)

221. Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set forth fully verbatim here.

222. Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the First Amendment to the Constitution for the United States when he used his position as a police officer and under full color of the law to cause injury to the plaintiff as a direct and immediate punishment in retaliation for the plaintiff's protected free speech.

223. Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with dehl>erate indifference to- Plaintiffs rights seemed by the First Amendment to the Constitution for the United States when he used his position as a police officer and under full color of the law to cause injury to the

plaintiff as a direct and immediate punishment in retaliation for the plaintiff's protected free speech by assaulting the plaintiff.

224. Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiffs rights secured by the First Amendment to the Constitution for the United States when he used his position as a police officer and under full color of the law to cause injury to the plaintiff as a direct and immediate punishment in retaliation for the plaintiff's protected free speech by arresting the plaintiff without due process or probable cause

## SEVENTH CLAIM FOR RELIEF

## 42 U.S.C. § 1983 - FOURTH AMENDMENT

## UNLAWFUL SEIZURE - WARRANTLESS SEIZURE OF ACTIVE CAMERA
## (AGAINST DEFENDANT KEITH SHORT)

224. Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set forth fully verbatim here.

225. Defendant Short had no knowledge of any warrants or orders signed by any judicial officer authorizing any seizures of any specified camera, recording equipment belonging to Plaintiff.

226. Defendant Short knew, or certainly should have known, Plaintiffs recording actions did not give rise to any probable cause that any crime was being, had been, or would imminently likely be committed.

227. Defendant Short acted under full color of state law when he took physical control of Plaintiffs active recording equipment without any legitimate lawful authority to do so.

228. Plaintiff had a reasonable expectation his equipment would be secure and unmolested where he was not under arrest at the time of the seizure.

229. Defendant Short's conduct grasping, lifting, rotating, and repositioning Plaintiffs tripod and recording device away from the scene of obvious interest at a critical time during the incident constituted a seizure under the Fourth Amendment.

230. Defendant Short's seizure of Plaintiffs recording equipment was objectively unreasonable given the circumstances known to the officers are the time of the seizure.

231. Defendant Short's actions to deprive Plaintiff of his property interests were Defendant Short's engaged in his conduct to intentional reposition Plaintiffs personal and independent recording of a police interaction involving the Plaintiff in a public place was maliciously intended to prevent Plaintiff his rights to adequately and vigorously petition and pursue redress of grievances.

232. Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiffs rights secured by the Fourth Amendment to the Constitution for the United States when he unreasonably seized Plaintiffs recording equipment.

233. Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Short's unreasonable seizure of Plaintiffs active recording equipment.

234. Defendant Short's conduct violated clearly established rights secured for Plaintiff by the Fourth Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

235. Plaintiff seeks relief for these injuries sustained when on 2018DEC 18, Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiffs Constitutionally Protected Rights, acting under full color of state law, unlawfully seized and

repositioned Plaintiffs property - his active recording equipment - which Plaintiff had full expectation of privacy and security, without any warrant, probable cause, or other legitimate lawful authority what so ever to do so, attempting to interfere with and/or prevent Plaintiffs active recording of police interaction in a public place.

236 In addition to compensatory, injunctive and declarative reliefs sought, and fees and costs sought, because Defendant Short acted with malicious motives, Plaintiff is entitled to punitive damages.

### EIGHTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983 -FIRST AMENDMENT FREE SPEECH/ FREE PRESS;

### CENSORSHIP; PRIOR RESTRAINT: RECORDING INTERFERENCE

### (AGAINST DEFENDANT KEITH SHORT)

237. Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set fourth fully verbatim here.

238. Plaintiff was engaged in protected free press, gathering content for a story on matters of great public concern - police misconduct, in an open public forum.

239. Defendant Short knew, or certainly should have known, that repositioning Plaintiffs recording device at a critical moment during an unlawful police encounter would prevent Plaintiff from capturing the interaction and censor his ability to publish the story in the manner he might see fit.

240. Defendant Short acted under full color of state law when he took physical control of Plaintiffs active recording equipment and repositioned the camera lens away from the intended field of view without any legitimate lawful authority to do so.

241. Plaintiff had a reasonable expectation his equipment would be secure and unmolested where he was not under arrest at the time of the seizure.

242. Defendant Short's conduct grasping, lifting, rotating, and repositioning Plaintiffs tripod and recording device away from the scene of obvious interest at a critical time during the incident preventing Plaintiff from gathering content he intended to publish and thus constituted censorship and a prior restraint on speech under the First Amendment.

243. Defendant Short's actions to deprive Plaintiff of his property and press interests were unlawful.

244. Defendant Short's engaged in his conduct to intentionally reposition Plaintiffs personal and independent recording of a police interaction involving the Plaintiff in a public place was maliciously intended to prevent Plaintiff his rights to gather content to publish about police misconduct.

245. Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiffs rights secured by the First Amendment to the Constitution for the United States when he unlawfully censored Plaintiffs free press.

246. Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Short's unlawful prior restraint censorship of Plaintiffs story.

247. Defendant Short's conduct violated clearly established rights secured for Plaintiff by the First Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

248. Plaintiff seeks relief for these injuries sustained when on 2018DEC 18, Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly,

and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiffs Constitutionally Protected Rights, acting under full color of state law, unlawfully repositioned Plaintiffs active recording equipment thus censoring Plaintiffs publication of his story on police misconduct and brutality.

249. In addition to compensatory, injunctive and declarative reliefs sought, and fees and costs sought, because Defendant Short acted with malicious motives, Plaintiff is entitled to punitive damages.

## NINTH CLAIM FOR RELIEF

## 42 U.S.C. § 1983 -FOURTEENTH AMENDMENT VIOLATIONS

## DUE PROCESS: DEPRIVATION OF PROPERTY INTERESTS

## (AGAINST DEFENDANT KEITH SHORT)

250. Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set fourth fully verbatim here.

251. Plaintiff was engaged in protected conduct recording himself and any potential interactions therewith in an open public forum.

252 Defendant Short knew, or certainly should have known, that repositioning Plaintiffs recording device at a critical moment during an unlawful police encounter would prevent Plaintiff from capturing the interaction and censor his ability to publish the story in the manner he might see fit.

253. Defendant Short acted under full color of state law when he took physical control of Plaintiffs active recording equipment and repositioned the camera lens away from the intended field of view without any legitimate lawful authority to do so.

254. Plaintiff had a reasonable expectation his equipment would be secure and unmolested to continue capturing the events within the configured field of view where he was not under arrest at the time of the seizure.

255. Defendant Short's conduct grasping, lifting, rotating, and repositioning Plaintiff's tripod and recording device away from the scene of obvious interest, at a critical time during the incident, prevented Plaintiff from gathering content he intended to publish or use in litigation.

256. Defendant Short's actions to deprive Plaintiff of his property and press interests were unlawful.

257. Defendant Short's engaged in his conduct to intentionally reposition Plaintiff's personal and independent recording of a police interaction involving the Plaintiff in a public place was maliciously intended to prevent Plaintiff his property interests to gather content to publish about police misconduct or to use in litigation.

258. Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the Fourteenth Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff his property interests without the Due Processes of Law.

259 Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Short's unlawful tampering with Plaintiff's recording device thus destroying Plaintiff's content gathering.

260. Defendant Short's conduct violated clearly established rights secured for Plaintiff by the Fourteenth Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

261. Plaintiff seeks relief for these injuries sustained when on 2018DEC 18, Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly,

and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiff's Constitutionally Protected Rights, acting under full color of state law, unlawfully repositioned Plaintiff's active recording equipment thus censoring Plaintiff's publication of his story on police misconduct and brutality.

262. In addition to compensatory, injunctive and declarative reliefs sought, and fees and costs sought, because Defendant Short acted with malicious motives, Plaintiff is entitled to punitive damages.

## TENTH CLAIM FOR RELIEF

## 42 U.S.C. § 1983 -FIRST AMENDMENT VIOLATION

## PETITION FOR REDRESS OF GRIEVANCES

## (AGAINST DEFENDANT KEITH SHORT)

263. Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set fourth fully verbatim here.

264. Plaintiff was engaged in protected conduct recording himself and any potential interactions therewith in an open public forum.

267. Defendant Short knew, or certainly should have known, that repositioning Plaintiffs recording device at a critical moment during an unlawful police encounter would prevent Plaintiff from capturing the interaction and censor his ability to publish the story in the manner he might see fit.

268. Defendant Short acted under full color of state law when he took physical control of Plaintiffs active recording equipment and repositioned the camera lens away from the intended field of view without any legitimate lawful authority to do so.

269. Plaintiff had a reasonable expectation his equipment would be secure and unmolested to continue capturing the events within the configured field of view where he was not under arrest at the time. of the seizure.

270. Defendant Short's conduct grasping, lifting, rotating, and repositioning Plaintiffs tripod and recording device away from the scene of obvious interest, at a critical time during the incident, prevented Plaintiff from gathering content he intended to publish or use in litigation.

271. Defendant Short's actions to deprive Plaintiff of his property and evidence interests were unlawful.

272. Defendant Short KNEW Plaintiffs recording activities had the potential to become material evidence against himself or his fellow officers should there be any allegations of misconduct raised by Plaintiff arising from the events unfolding.

273. Defendant Short CALCULATED that concealing any misconduct would be in the selfish best interests of himself and/or his fellow officers.

274. It was Defendant Short's intentionally designed malicious scheme to deprive Plaintiff possible evidence of police misconduct with the express intention of concealing the same.

275 Defendant Short's engaged in his conduct to intentionally reposition Plaintiffs personal and independent recording of a police interaction involving the Plaintiff in a public place was maliciously intended to prevent Plaintiff his property interests to gather content to publish about police misconduct or to use in litigation.

276. Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiffs rights secured by the Fourteenth Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff his property interests without the Due Processes of Law.

277. Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the First Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff the full ability to Petition the Government for Redress of Grievances by interfering with the collection of material evidence by tampering with Plaintiffs recording device.

278. Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Short's unlawful tampering with Plaintiffs recording device thus destroying Plaintiffs content gathering.

279. Defendant Short's conduct violated clearly established rights secured for Plaintiff by the Fourteenth Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

280 Plaintiff seeks relief for these injuries sustained when on 2018DEC18, Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiffs Constitutionally Protected Rights, acting under full color of state law, unlawfully repositioned Plaintiffs active recording equipment thus censoring Plaintiffs publication of his story on police misconduct and brutality.

281 In addition to compensatory, injunctive and declaratory reliefs sought, and fees and costs sought, because Defendant Short acted with malicious motives, Plaintiff is entitled to punitive damages.

## ELEVENTH CLAIM FOR RELIEF

## 42 U.S.C. § 1983 -FIRST AMENDMENT VIOLATION

## RETALIATION FOR SPEECH

## (AGAINST DEFENDANT KEITH SHORT)

282. Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set fourth fully verbatim here.

283. Plaintiff was engaged in protected political speech speaking out on matters of public concern in an open public forum.

284 Plaintiff was engaged in protected conduct recording himself and any potential interactions therewith in an open public forum.

285. Defendant Short acted under full color of state law when he took physical control of Plaintiffs active recording equipment and repositioned the camera lens away from the intended field of view without any legitimate lawful authority to do so.

286. Defendant Short KNEW Plaintiffs recording activities had the potential to become material evidence against himself or his fellow officers should there be any allegations of misconduct raised by Plaintiff arising from the events unfolding.

287. Defendant Short CALCULATED that concealing any misconduct would be in the selfish best interests of himself and/or his fellow officers.

288 Defendant Short's conduct to deprive Plaintiff of objective evidence to conceal police misconduct in response to- and/or in retaliation for- protected free speech and/or press activities by interfering with recordings thereof would chill a person of ordinary firmness from engaging in similar speech or press conduct.

289. Defendant Short engaged in his conduct to deprive Plaintiff his recording of the event was substantially motivated by malicious motives other than to seek justice for a person believed to have committed a crime; specifically, Short intended to punish Plaintiff for his content and/or viewpoint to which he objected and/or to conceal the evidence of unlawful "street justice" imposed by himself and/or his fellow officers.

290. Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiffs rights secured by the Fourteenth Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff his property interests without the Due Processes of Law.

291. Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiffs rights secured by the First Amendment to the Constitution for the United States when he unlawfully deprived Plaintiff the full ability to Petition the Government for Redress of Grievances by interfering with the collection of material evidence by tampering with Plaintiffs recording device.

292. Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximal result of Defendant Short's unlawful tampering with Plaintiffs recording device thus destroying Plaintiffs content gathering.

293. Defendant Short's conduct violated clearly established rights secured for Plaintiff by the First Amendment to the Constitution for the United States, which any reasonable officer in his position knew, or certainly should have known.

294. Plaintiff seeks relief for these injuries sustained when on 2018DEC 18, Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or neglectfully and/or with reckless disregard of- and/or deliberate indifference to- Plaintiffs Constitutionally Protected Rights, acting under full color of state law, unlawfully repositioned Plaintiffs active recording equipment thus censoring Plaintiffs publication of his story on police misconduct and brutality.

295In addition to compensatory, injunctive and declarative reliefs sought, and fees and costs sought, because Defendant Short acted with malicious motives, Plaintiff is entitled to punitive damages.

## E. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant, and grant:

(a) Appropriate declaratory and other injunctive and/or equitable relief;

(b) Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, losses of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

c) All economic losses on claims allowed by law;

( d) Punitive damages on all claims allowed by law and in an amount to be determined at trial;

( e) Attorney's fees and the costs associated with this action, including but not limited to those associated with having to defend against the false criminal charges as well as consultation costs, paralegal costs, investigatory costs, deposition costs, witness fees, expert witness fees, on all claims allowed by law;

(f) Pre- and post- judgment interest at the lawful rate; and

(g) Any further relief this Court deems just and proper, and any other relief allowed by law.

**PLAINTIFF REQUESTS A TRIAL TO A JURY ON ALL ISSUES SO TRIABLE**.

Dated this 4th day of December, 2020.

(Plaintiff Winston Wesley Noles' Original Signature) 11452 County Road B Manzanola, Colorado 81058 214-874-5605 WinstonOttoNoles@gmail.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  Otero, Co.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Rockwall TX

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

RECEIVED

DEC 18 2020

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se    11452 County Rd B
Manzanola, Co 81058

Attorneys *(If Known)*

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government<br>Plaintiff | ☒ 3 | Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government<br>Defendant | ☐ 4 | Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>  Liability<br>☐ 320 Assault, Libel &<br>  Slander<br>☐ 330 Federal Employers'<br>  Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>  Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>  Product Liability<br>☐ 360 Other Personal<br>  Injury<br>☐ 362 Personal Injury -<br>  Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>  Product Liability<br>☐ 367 Health Care/<br>  Pharmaceutical<br>  Personal Injury<br>  Product Liability<br>☐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>  Property Damage<br>☐ 385 Property Damage<br>  Product Liability | ☐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>☐ 690 Other<br><br><br>**LABOR**<br>☐ 710 Fair Labor Standards<br>  Act<br>☐ 720 Labor/Management<br>  Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>  Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>  Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>  28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>  New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>  Act of 2016<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>  3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>☐ 480 Consumer Credit<br>  (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>  Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>  Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ● 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>  Accommodations<br>☐ 445 Amer. w/Disabilities -<br>  Employment<br>☐ 446 Amer. w/Disabilities -<br>  Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>  Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>  Conditions of<br>  Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>  Actions | ☐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>☐ 871 IRS—Third Party<br>  26 USC 7609 | Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>  Act/Review or Appeal of<br>  Agency Decision<br>☐ 950 Constitutionality of<br>  State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original<br>Proceeding | ☐ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer |
| | | | | | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:  42 U.S 1983

Brief description of cause:  Civil Rights Violations

## VII. REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE**  Retail

**P**

US POSTAGE PAID
**$7.75**
Origin: 80031
12/11/20
0795760350-1

**PRIORITY MAIL 2-DAY®**

0 Lb 10.50 Oz
**1006**

EXPECTED DELIVERY DAY: 12/14/20

C001

SHIP
TO:
1100 COMMERCE ST
STE 1452
Dallas TX 75242-1310

**USPS TRACKING® NUMBER**

9505 5115 6176 0346 7705 21

FROM: Winston Noles
11452 County Road B
Manzanola, Co 81058

TO: United Stated District Court
1100 Commerce Street RM 1452
Dallas Tx 75242

 DEC 13 2020

PS00001000014   EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

**UNITED STATES POSTAL SERVICE®**