IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINSTON WESLEY NOLES, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-3677-N-BK |
| | § | |
| NICK DIAL, ET AL., | § | |
| DEFENDANTS. | § | |

## ORDER

Plaintiff seeks the appointment of counsel, Doc. 5, but fails to present facts showing circumstances that establish the Court should exercise its discretion to appoint counsel.

A court may appoint counsel for a plaintiff proceeding *in forma pauperis* if the case presents "exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *see Castro Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001) (concluding an *in forma pauperis* plaintiff is not entitled to court-appointed counsel as a matter of law); 28 U.S.C. § 1915(e)(1). In determining whether a case presents exceptional circumstances, the court may consider the following factors: (1) the type and complexity of the case; (2) whether the indigent plaintiff is capable of adequately presenting the case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Ulmer*, 691 F.2d at 213.

Here, the motion to appoint counsel is unsupported and conclusory. Plaintiff has not shown that the case presents exceptional circumstances warranting the appointment of counsel.

For the foregoing reasons, Plaintiff's request for the appointment of Counsel, Doc. 5, is

**DENIED WITHOUT PREJUDICE.**

    **SO ORDERED** on January 5, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE