IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINSTON WESLEY NOLES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:20-cv-03677-N-BK |
| | § | |
| NICK DIAL, KEITH SHORT, | § | |
|     Defendants. | § | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS ORIGINAL COMPLAINT BY DEFENDANT DIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Dial who makes and files this Brief in Support of his Motion to Dismiss directed toward Plaintiffs' Original Complaint (Complaint).[1] For same, Defendant would state the following:

1.     <u>Standard of review: Rule 12(b)(6) Motion to Dismiss</u>: To avoid dismissal, Plaintiff must provide the factual grounds for entitlement to relief.[2] "Factual allegations must be enough to raise a right to relief above the speculative level..."[3] The sufficiency of the allegations are to be evaluated solely on the basis of the pleadings.[4] The <u>factual</u> pleading of Plaintiff must establish a "facial plausibility" that Defendant engaged in unlawful conduct and is liable to Plaintiff.[5] This

---

[1] Court's Docket # 03.
[2] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)*; See also, Swierkiewicz v. Sorema,* 534 U.S. 506, 514 (2002)*; Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Lefall v. Dallas Independent School District,* 28 F.3d 521, 524 (5th Cir. 1994); *Hoshman v. Esso Standard Oil Co.,* 263 F.2d 499, 502 (5th Cir. 1959).
[3] *Bell Atlantic Corp. v. Twombly, supra.*
[4] *Spivey v. Robertson* 197 F.3d 772, 774 (5th Cir. 1999) *cert. denied,* 530 U.S. 1229 (2000); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996); *See also, Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996); *Jackson v. Procunier,* 789 F.2d 307, 309 (5th Cir. 1986). However, *see,* n. 19, *infra.* Defendants' qualified immunity pleadings should be considered when assessing the adequacy of Plaintiffs' pleadings in the face of that defense.
[5] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); see also, *Reliable Consultants, Inc. v. Earle,* 517 F.3d 738, 742 (5th Cir. 2008).

requires that the factual pleadings support *more than a mere possibility* of liability and that the pleaded <u>facts</u> pleaded go *beyond* mere consistency with a defendant's alleged liability.[6] "<u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.</u>"[7]  *Detailed factual pleadings* are entitled to a presumption of truth (for the purpose of the motion) while c*onclusory allegations* do *not* enjoy such a presumption.[8]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"[9]

      2.      Even under the liberal notice pleading standard of Rule 8 as applied pre-*Twombly*, the complaint must provide fair notice of the basis for Plaintiff's claims.[10]  To avoid dismissal, plaintiff must plead specific facts, rather than mere conclusory allegations, which would establish a right to recover.[11]  Legal conclusions masquerading as factual allegations are not adequate to prevent dismissal.[12] "The complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn" under the relevant legal theory.[13]   "The court is not required to 'conjure up unplead allegations or construe elaborately arcane scripts' to save [the] complaint."[14] Applying these

---

[6] *Id*., citing *Twombly*, 550 U.S. at 557.

[7] *Twombly*, *supra*, 550 U.S. at 555. (emphasis added).

[8] *Ashcroft v. Iqbal, supra* 129 S.Ct. at 1949-50; see also, Ferrer v. Chevron Corp. 484 F.3d 776, 780 (5th Cir. 2007).

[9] *Ashcroft v. Iqbal, supra*, 129 S.Ct. at 1949, quoting *Twombly, supra*, 550 U.S. at 557.

[10] *Swierkiewicz v. Sorema*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *See*, *Grantham v. City of Terrell,* 2007 WL 4556905, *5 ( N.D. Tx., Dec. 27, 2007. J. Lindsay).

[11]*Guiday v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[12]*Fernandez-Montez v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[13]*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir. 1995) (quoting 3 C. Wright & A. Miller, Fed.Prac. & Proc.: Civil 2d §1216 at 156-59).

[14]*Id.* (quoting *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988);  *See also, Kjellvander v. Citicorp.*, 156 F.R.D. 138, 141 (S.D. Tex. 1994).

standards, Plaintiff's Complaint fails to adequately plead the asserted claims.

3.  <u>The qualified immunity standard:</u>  This defense, available to public officials sued in their individual capacities, "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[15]  Because the defense provides immunity from suit, not just liability, immunity questions should be resolved at the earliest possible stage in the litigation.[16]  Plaintiffs who sue a public official *must plead with particularity and specificity* sufficient facts to overcome the official's claim of qualified immunity.[17]  A complaint which fails to sufficiently allege <u>facts</u> which, if proven, would establish that a reasonable official in a defendant public official's shoes would have known that his or her particular actions violated clearly established law may be dismissed.[18]  Indeed, Plaintiff must establish that <u>no</u> reasonable official *could* have believed the actions of Defendant were lawful.[19]  Plaintiff's allegations must be "tailored to the assertion of qualified immunity and <u>fairly engage its allegations</u>."[20]  Plaintiff bears the burden of pleading on the issue of qualified immunity.[21]  Moreover, it is necessary to assess the conduct of *each* Defendant *individually*, independently of the conduct of other officials,

---

[15] *See, Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815 (2009); (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 201 S.Ct. 2727 (1982)); *Goodman v. Harris Co.*, 571 F.3d 388, 395 (5th Cir. 2009).
[16] *See, Hunter v. Bryant*, 502 U.S. 224, 227 (1991).
[17] *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Elliot v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985).
[18] *Brown v. Glossip, supra*.
[19] *Sorenson v. Ferrie, infra*, n. 23.
[20] *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995, *en banc*) (emphasis added). Thus, the factual assertions in support of the defense must be considered in this analysis.
[21] *Cass v. City of Abilene,* 814 F.3d 721, 733 (5th Cir. 2016); *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008); *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005) (quoting *Roberts v. City of Shreveport,* 397 F.3d 287, 291 (5th Cir. 2005));  *See, McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).

officers or Defendants.[22]  Plaintiff must establish that no reasonable official in the shoes of each Defendant could have believed that the actions taken by each Defendant were lawful.[23]  Indeed, a Court should not consider the alleged actions of the individual Defendants or officers *collectively* for purposes of the qualified immunity analysis.[24]  Thus, the relevant inquiry is whether the alleged conduct of Officer Dial, *analyzed separately*, was objectively reasonable under the circumstances with which he was confronted.  Given that the majority of Plaintiff's allegations are presented in a collective manner, the required individual analysis is not possible on this record as to those collective allegations and the remaining individual allegations are simply insufficient to overcome the qualified immunity of Defendant.

4.Determining qualified immunity involves a multi-step inquiry, the first of which is determination of whether Plaintiff has sufficiently asserted the violation of a clearly established constitutional right.[25]  Then, a determination must be made as to whether the right allegedly violated was clearly established *under the specific circumstances confronting the official.*[26]  The the order in which the questions may be addressed by the Court has been relaxed by the Supreme Court in the *Pearson* opinion.[27]  However, the substantive aspects of the qualified immunity analysis remain unchanged.  Plaintiff bears the burden on the question of establishing clearly established law;[28]  "[a]nd the burden is heavy: A right is clearly established *only* if relevant

---

[22] N. 23, *infra*.
[23] *Pratt v. Harris Co*., 822 F.3d 174, 181 (5th Cir.) (*cert den*. 137 S.Ct. 1121, 2017); *Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007); *Jacobs v. West Feliciana Sheriff's Department,* 228 F.3d 388, 395 (5th Cir.2000); *Sorenson v. Ferrie*, 134 F.3d 325 (5th Cir. 1998).
[24] *Meadors, supra* at 421-22.
[25] *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).
[26] *Evans v. Ball*, 168 F.3d 856, 860 (5th Cir. 1999); *Sorenson v. Ferrie*, 134 F.2d 325, 328 (5th Cir. 1998)
[27] *Pearson v. Callahan*, 555 U.S. 223, 128 S.Ct. 1702 (2009).
[28] *Morrow v. Meachum*, 917 F.3d 870, 874 (5th Cir. 2019).

precedent 'ha[s] placed the ... constitutional question beyond debate.'"[29]   Further, Plaintiff must allege specific facts, not mere conclusions, which would, if true, establish that <u>no</u> reasonable official in the shoes of <u>each</u> Defendant could have believed that the actions taken were consistent with the preservation of the legal rights asserted by the Plaintiffs.[30]   Thus, the relevant inquiry is whether the alleged conduct of <u>each</u> official in question was objectively reasonable under the circumstances with which the official was confronted.

5. The Complaint before this Honorable Court fails to present a clearly established right in a manner sufficient to overcome the qualified immunity defense.  Clearly established, in this context, requires that "every reasonable official understands" that the alleged conduct violates the asserted right.[31]   In order to be clearly established, the unlawfulness of the officer's alleged conduct must be "*beyond debate*"[32]   Plaintiff has the burden on this issue.[33]   The failure to identify a Supreme Court or Fifth Circuit case providing such notice to the individual Defendant herein "dooms his case."[34]

6. Even if Plaintiff were able to present a clearly established right under the circumstances, more is required to overcome the immunity.  Plaintiff must allege <u>facts</u> which, if true, establish that <u>no</u> reasonable official in the shoes of <u>each</u> Defendant could have believed that the actions taken by the official, *in the circumstances confronting <u>each</u> Defendant*, were consistent

---

[29] *Id*., citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011) (emphasis added).
[30] *Sorenson v. Ferrie*, 134 F.3d 325 (5th Cir. 1998).
[31] *Reichle v. Howards*, 566 U.S. 658, 664, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)
[32] *Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011) (*en banc*) (quoting *Ashcroft v. al-Kidd,* 563 U. S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011).
[33] *Id*.
[34] *Vann v. City of Southaven, Miss*. 884 F.3d 307, 310 (5th Cir. 2018).


with the pleaded legal rights.[35]  *If reasonable officials could differ on the legality of a defendant's actions*, then qualified immunity is a bar to liability and to suit as to that Defendant.[36]  In order to hold a Defendant-official's actions to be objectively unreasonable, Plaintiff bears the burden to establish that *all* reasonable officials in the shoes of each Defendant would have known at the time that the alleged actions of *the particular Defendant* deprived decedent of the Constitutional right in question.[37]  The Fifth Circuit clarified this standard by recognizing that Plaintiff has the burden of showing that the illegality of the officer's action is "beyond debate"[38] thus confirming the notion that Plaintiff must plead sufficient specific facts and circumstances under which no reasonable official could have believed the alleged conduct was lawful.  Plaintiff does not overcome qualified immunity by merely alleging "that a violation *arguably* occurred." [39]  Plaintiff's allegations must be "tailored to the assertion of qualified immunity and fairly engage its allegations."[40]

7. By filing suit, Plaintiff has undertaken the burden to plead sufficiently to overcome the qualified immunity of Defendant.  Plaintiff must allege specific facts, not mere conclusions, which would, if true, establish that no reasonable official in the shoes of each[41] Defendant could have believed that the actions taken by that official were consistent with the preservation of the

---

[35] *See, Graham v. Conner*, 490 U.S. 386 (1989)*;  Sorenson v. Ferrie,* 134 F3d 325 (5th Cir. 1998).
[36] *Pfannsteil v. City of Marion,* 918 F.2d 1178, 1183 (5th Cir. 1990).
[37] *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273 (5th Cir. 2002).
[38] N. 32*, supra;  see also*, *Morgan v. Swanson*, *et. al.,* 659 F.3d 359, 371 (5th Cir.  Sept. 27th, 2011) *(en banc)*.
[39] *Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir.), *cert den*. 135 S. Ct. 1492 (2015) (quoting *Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1212 (5th Cir. 1989)) (emphasis in original).
[40]*N. 20, supra.*
[41] *Pratt v. Harris Co*., 822 F.3d 174, 181 (5th Cir.) (*cert den*. 137 S.Ct. 1121, 2017); *Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007); *Jacobs v. West Feliciana Sheriff's Department,* 228 F.3d 388, 395 (5th Cir.2000).

legal rights asserted by the Plaintiff.[42]  Thus, the relevant inquiry is whether the alleged conduct of <u>Officer Dial</u> was objectively reasonable under the circumstances with which he was confronted.

8. It bears repeating -- The Court should distinguish *detailed factual pleadings*, which are entitled to a presumption of truth (for the purpose of the motion) from c*onclusory allegations* which do *not* enjoy such a presumption.[43]  In the instant matter, Plaintiff does not plead sufficient facts to establish circumstances which would overcome the qualified immunity of Officer Dial. That is, Plaintiff fails to <u>factually</u> establish that <u>no</u> reasonable officer in the shoes of Officer Dial could have believed that his alleged conduct was unlawful.  Therefore, the facts and circumstances in the Complaint are insufficient to overcome Officer Dial's qualified immunity and dismissal is appropriate.

9. Plaintiff must plead a claim which establishes that no reasonable official could have believed Officer Dial's alleged conduct was lawful.  Further, it must be clear from clearly established law that the conduct was unlawful.[44]  As the Fifth Circuit so aptly stated, the 'clearly established' question is a "doozy."[45]  "The § 1983 plaintiff bears the burden of proof. [citation omitted]. And the burden is heavy: A right is clearly established only if relevant precedent 'ha[s] placed the ... constitutional question beyond debate.'"[46]

10. <u>Pleadings as to Dial:</u>   Plaintiffs' allegations as to Officer Dial are found on pp. 7 – 9, 11-13 and 17 - 35 of the Complaint where he is alleged to have detained and arrested Plaintiff unlawfully and improperly searched and/or seized Plaintiff's signs and camera.   Reviewing the

---

[42] *Sorenson v. Ferrie*, 134 F.3d 325 (5th Cir. 1998).
[43]*Ashcroft v. Iqbal, supra* at 1949-50.
[44] *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).
[45] *Morrow v. Meachum*, 917 F.3d. 870, 874 (5th Cir. 2019).
[46] *Id*. citing *Ashcroft, supra*.

pleadings of Officer Dial, which are properly before the Court,[47] it is clear that probable cause existed, and was apparent to Officer Dial, that Plaintiff was harassing passing motorists with vulgar and profane language and refused Officers' instructions to be detained and arrested when he flopped on the ground.  Thus, the arrest was lawful and the search or seizure of Plaintiff's personal property in his possession as an incident to the arrest was likewise lawful.[48]   The seizure of the property (signs and cell phone/camera) was also lawful as said items constituted evidence of the offenses for which Plaintiff was arrested.  No facts are presented in this record to support a force claim.  Accordingly, Plaintiffs' claim against Officer Dial should be dismissed pursuant to F.R.C.P. 12(b)(6) in the face of Defendant's qualified immunity defense.

11.     Limitations:   Limitations are  determined by state law.[49]   This incident occurred on Dec. 15th, 2018.[50]  Suit was filed Dec. 18th, 2020,[51] more than two years after the incident.   The statute of limitations applicable to Plaintiff's 1983 claims is two years.[52]   Thus, Plaintiff's claims are barred by limitations.

12.     *Res Judicata*:  Plaintiff previously sued these Defendants in the Northern District of Texas – a suit which was dismissed and which arose from the same incident and alleged facts

---

[47] N. 20, *supra*.
[48] *See generally*, *Thornton v. U.S.*, 541 U.S. 615, 124. S. Ct. 2127, 158 L.Ed.2d 905 (2004).
[49] *Price v. City of San Antonio*, 431 F.3d 890, 892 (2005), abrogated on other grounds, *Wallace v. Kato,* 549 U.S. 384 (2007); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).
[50] Docket #3, p. 5.
[51] *Id.*
[52] *Flores v. Cameron Co.,* 92 F.3d 258, 271 (5th Cir.1996); *see also Helton v. Clements,* 832 F.2d 332, 334 (5th Cir.1987).

as that herein.[53] Thus, Plaintiff's claims herein which were brought, or could have been brought, in the earlier case are now barred[54] and should be dismissed.

13.   Conclusion:   For the foregoing reasons, Defendant moves to dismiss Plaintiff's claims pursuant to F.R.C.P. 12(b)(6) for failure to adequately plead same and for failure to overcome Defendant's qualified immunity defense. Additionally, the instant suit is barred by limitations and *res judicata*. Should Plaintiff seek to amend his Complaint, same should be denied as futile [55] due to the legal defenses raised herein.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff's suit be dismissed pursuant to F.R.C.P. 12(b)(6) and that Defendant go hence without day and recover costs, including reasonable attorney's fees, in this behalf expended.  Defendant further prays for such other and further relief, both general and special, to which he may be justly entitled.

          Respectfully submitted,

By:   **/s/ Joe C. Tooley**
    State Bar No. 20129750
510 Turtle Cove, Suite 112
Rockwall, Texas 75087
(972) 722-1058
(972) 722-1070 (Facsimile)
Joe@TooleyLaw.com
ATTORNEY FOR DEFENDANT NICK DIAL

---

[53] Defendant respectfully asks the Court to take judicial notice of Northern District of Texas docket #3:20-cv-01721-M-BT and the contents therein.

[54] *Comer v. Murphy Oil USA, Inc*., 718 F.3d 460, 466 (5th Cir. 2013) "'From time immemorial the courts have held that a judgment, valid on its face, cannot, in the absence of fraud in its procurement, be collaterally attacked as to mere errors or irregularities committed by the court in the exercise of its jurisdiction or in the course of the proceedings even though errors and irregularities may appear on the face of the record.'" (Citations omitted) "This principle 'that controversies once decided shall remain in repose,' known as **res judicata**, 'does not depend upon whether or not the prior judgment was right.'" (citations omitted).

[55] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff, *pro se,* via email to winstonottonoles@gmail.com in accordance with the Federal Rules of Civil Procedure on this 19TH day of February, 2021.

                                        **/s/ Joe C. Tooley**