IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINSTON WESLEY NOLES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:20-CV-3677-N-BK |
| | § | |
| NICK DIAL, POLICE OFFICER, | § | |
| ROYSE CITY TX, IN HIS | § | |
| INDIVIDUAL CAPACITY AND KEITH | § | |
| SHORT, POLICE OFFICER, ROYSE | § | |
| CITY TX, IN HIS INDIVIDUAL | § | |
| CAPACITY, | § | |
| | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Defendants' Renewed 12(b)(6) *Motion to Dismiss*, Doc. 28, is before the Court for findings and a recommended disposition. Upon consideration, the motion should be **DENIED**.

By way of background, in December 2020, the then *pro se* Plaintiff filed this action against the Defendant police officers in their individual capacities pursuant to 42 U.S.C. § 1983. He alleged that one or both Defendants violated his First, Fourth, and Fourteenth Amendment rights when they searched and seized his property without probable cause, violently arrested him, and detained him for engaging in protected political speech, namely holding placards—some of which contained profanity—by the side of a public highway.  Doc. 3 at 3-12.

Defendants filed essentially identical motions to dismiss, which the undersigned recommended be granted partly on (1) Plaintiff's Fourth and Fourteenth Amendment claims; and (2) his First Amendment claims with respect to his right to redress and to be free from a prior restraint.  Doc. 26 at 3, 13-15.  The Court did not recommend the dismissal of Plaintiff's First Amendment rights to freedom of speech and public assembly as related to his displaying the signs and recording the police during the events that led up to his arrest.  *See* Doc. 26 at 7-10.  The Court also did not recommend the dismissal of Plaintiff's First Amendment retaliation claims. *See* Doc. 26 at 12-13.  The district judge accepted the undersigned's recommendation and dismissed Plaintiff's complaint, in part, without prejudice.  Doc. 27.  Additionally, the district judge gave Plaintiff the opportunity to amend his complaint within 14 days.  Doc. 27.  When Plaintiff did not do so, this motion followed.

In it, Defendants assert that since Plaintiff did not amend his complaint, his remaining First Amendment claims should be dismissed with prejudice.  Doc. 28 at 2.  Plaintiff correctly argues, however, that he sufficiently pled some First Amendment claims, as noted above, and he was not obligated to file an amended complaint to try to cure his other claims.  Doc. 29.  Plaintiff concedes that his prior restraint and right of redress claims should be dismissed with prejudice at this time because he has chosen to stand on the operative complaint.[1]  Doc. 29 at 2.

For the foregoing reasons, Plaintiff's Fourth and Fourteenth Amendment claims and his First Amendment claims for right of redress and prior restraint should be **DISMISSED WITH PREJUDICE**.  Because Plaintiff's complaint successfully states First Amendment claims based

---

[1] Plaintiff makes no mention of his Fourth and Fourteenth Amendment claims, which also were previously dismissed without prejudice and should now be dismissed with prejudice.

on his freedom of speech and the right to assemble, Defendants' motion to dismiss those claims, Doc. 28, should be **DENIED**.

**SO RECOMMENDED** on April 27, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).