**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WINSTON WESLEY NOLES,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 3:20-CV-03677-** |
| **v.** | § | **N-BK** |
| | § | |
| **NICK DIAL & KEITH SHORT,** | § | |
| | § | |
| *Defendants.* | § | **JURY DEMAND** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

WINSTON WESLEY NOLES ("Noles"), Plaintiff, complains of Nick Dial and Keith Short, Defendants, and for cause of action would respectfully show as follows:

## I. NATURE OF THE CASE

1.     This is a civil action arising under the United States Constitution, particularly under the First Amendment to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, seeking damages against Dial and Short for committing acts, under color of law, with the intent and for the purpose of depriving Noles of rights secured under the Constitution and laws of the United States. Plaintiff also brings a pendent state law claim for malicious prosecution. Defendants' counsel, Joe Tooley, has consented in writing to the filing of this Amended Complaint.

## II. PARTIES

2.     Plaintiff, WINSTON WESLEY NOLES is a U.S. citizen who resides in Manzanola, Colorado.

3.     Defendant NICK DIAL is a patrol officer for the city of Royse City, Texas who has been served with a summons and Complaint. At the time of the acts or occurrences alleged in this Amended Complaint, Dial was acting under color of state law as a Royse City uniformed police officer, driving a marked police vehicle. Dial has appeared and answered in this case.

4.     Defendant KEITH SHORT is a patrol officer for the city of Royse City, Texas who has been served with a summons and Complaint. At the time of the acts or occurrences alleged in this Amended Complaint, Short was acting under color of state law as a Royse City uniformed police officer, driving a marked police vehicle. Short has appeared and answered in this case.

## III. <u>JURISDICTION</u>

5.     Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and state law. This Court has subject matter jurisdiction over the instant cause of action under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, and1988.

6.     Noles' claims for declaratory and injunctive relief are further authorized by Federal Rules of Civil Procedure 57 and 65, and by the general legal and inherent equitable powers of this Court. 42 U.S.C. §§ 1983 and 1988 authorize Noles' claims for damages.

## IV. <u>VENUE</u>

7.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the acts, events, or omissions giving rise to this claim occurred in Rockwall County, Texas, which falls within the United States District Court for the Northern District of Texas, and Defendants were Royse City police officers in this District at the time of these events.

## V. <u>STATEMENTS OF FACT</u>

8.      On December 16, 2018, at about noon, Plaintiff, Winston Noles, was standing on public property displaying various political placards stating: "SHIT IS FUCKED UP AND STUFF", "GIVE ME LIBERTY OR GIVE ME DEATH", "WELL, THE SYSTEM ISN'T GOING TO FUCK ITSELF", and "FREE FOOD: POTATOES AND CARROTS."

9.      Three are shown here:

 



10.    Dozens of vehicles passed by Plaintiff over a period of about 30 minutes.

11.    During Plaintiff's peaceful demonstration, Plaintiff periodically swapped between the three above messages being displayed.

12.   During Plaintiff's peaceful demonstration, several passersby honked, smiled, waved, laughed, or otherwise expressed statements or gestures commonly understood in North American culture to be supportive of Plaintiff's viewpoints.

13.   At no time during Plaintiff's demonstration did any private person ever approach Plaintiff to express displeasure with, or objection to, or to complain about, his message.

14.   About 15 minutes into Plaintiff's demonstration, Royse City Police officer Nick Dial arrived on scene by parking at the stop sign in the left-most lane of traffic, without activating any overhead emergency lighting, and approached Plaintiff.

15.   Defendant Dial was, at the time of this incident, a fully uniformed and armed law enforcement officer employed by the Royse City, Texas, Police Department (hereinafter referred to as "RCPD").

16.   Defendant Dial held the rank of sergeant on December 16, 2018.

17.   At all times relevant to this action, Defendant Dial was acting under color of law in his capacity as a law enforcement officer employed by RCPD.

18.   Plaintiff has a First Amendment protected right to free speech.

19.   As a sergeant, Defendant Dial knew, or certainly should have known, that Plaintiff has a First Amendment protected right to free speech.

20.   At the time officer Dial arrived, the message Plaintiff was displaying was "GIVE ME LIBERTY OR GIVE ME DEATH".

21.   Defendant Dial was one of three Royce City Police Officers dispatched to Plaintiff's location based on a complaint from a civilian of a man holding a sign with profanities.

22.    Specifically, the caller reported a sign reading "SHIT IS FUCKED UP AND STUFF'.

23.    In addition to Defendant Dial, RCPD officers Johnny Clark and Keith Short were also dispatched.

24.    While responding to Plaintiff's location, because the officers had activated their dash-mounted camera devices, officers' comments leading up to, during, and following the incident were memorialized.

25.    Defendant Dial and Defendant Short laughed at hearing the report of a man holding a sign reading "SHIT IS FUCKED UP AND STUFF"

26.    Defendant Dial and Defendant Short joked: "Maybe we should send him over to Austin! Hahaha!"

27.    Defendant Dial and Defendant Short arrived at the scene shortly afterward.

28.    Defendant Dial did not activate his overhead emergency lights when he parked his marked patrol vehicle in the left turn lane of the frontage road behind Plaintiff.

29.    When Defendant Dial pulled up, he exited his vehicle and walked up to and behind Plaintiff.

30.    Defendant Dial positioned himself behind and on a hill above the Plaintiff with the intent to encircle and intimidate Plaintiff

31.    Defendant Dial took control of the scene from officer Clark upon his arrival.

32.    Defendant Dial attempted to verbally coerce Plaintiff to consent to a search of his other signs.

33.   Defendant Dial did not have a warrant signed by a judge, specifically describing places to be searched and detailing the items to be seized.

34.   Plaintiff repeatedly refused any searches.

35.   Defendant Dial then made multiple advances attempting to forcibly seize Plaintiff's signs from his possession, to which Plaintiff objected.

36.   Defendant Dial became enraged when Plaintiff invoked his Fourth Amendment Rights.

37.   Defendant Dial punched the signs out of Plaintiff's hands and knocked them toward the street.

38.   Officer Clark was so shocked at this act of violence that he jumped dangerously backwards toward the street behind him.

39.   Officer Short turned Plaintiff's stationary, tripod-mounted camera away upon seeing Defendant Dial's behavior, depriving Plaintiff of his rights to content gathering.

40.   At this point, Defendant Dial conducted an illegal search of Plaintiff's property.

41.   Plaintiff is guaranteed protection under the Fourth Amendment from unlawful searches and seizures.

42.   Based on his extensive experience in law enforcement, Defendant Dial knew, or certainly should have known, that Plaintiff had Fourth Amendment protections from unlawful search and seizure.

43.   Any search or seizure without a warrant specifying the place to be searched and the article to be seized ordered by a judicial officer upon a finding of probable cause as supported

by affirmation or oath is presumed to be unlawful and in violation of the Fourth Amendment to the United States Constitution.

44.   Defendant Dial halted Plaintiff's free speech demonstration by violently punching with a closed fist a peaceful protester's signs and seizing from Plaintiff's possession political placards with messages critical of "The System."

45.   Defendant Dial searched Plaintiff's signs without a warrant.

46.   Any official retaliation for the content or viewpoints of the messages expressed by a person to which an official objects is presumed to be unlawful and in violation of the First Amendment to the United States Constitution.

47.   Citizens have a well-established constitutional right to protest law enforcement in public places.

48.   Plaintiff is a syndicated journalist who regularly broadcasts and/or publishes stories of and about interactions with law enforcement and government officials.

49.   Plaintiff's stories are on topics of great public concern.

50.   Plaintiff is known for producing content about police abuse and government corruption.

51.   Defendant Dial knew or should have known he did not have the authority under the circumstances to make an arrest.

52.   Defendant Dial used force to deprive the Plaintiff of his property.

53.   Defendant Dial used force to deprive the Plaintiff of his liberty.

54.   The force Defendant Dial used was unlawful.

55.     The force Defendant Dial used was objectively unreasonable.

56.     The force Defendant Dial used was objectively unnecessary.

57.     Defendant Dial intentionally removed Plaintiff's signs from his possession.

58.     Plaintiff did not pose an immediate threat to the police or the public.

59.     Plaintiff was not under arrest at the time of the seizure.

60.     Defendant Dial was not in a position to be required to make split-second decisions between life and death.

61.     Defendant Dial knew he was not in any danger from the Plaintiff.

62.     Defendant Dial knew the Plaintiff was not a risk of evading arrest.

63.     Defendant Dial would not have arrested Plaintiff if his placards read "Back the Blue."

64.     Defendant Dial's conduct described herein was motivated by a malicious desire to punish Plaintiff for his speech critical of government misconduct. The fear of being subjected to police brutality would chill a person of ordinary firmness from engaging in similar protected speech, in violation of the First Amendment to the United States Constitution.

65.     Plaintiff has standing to assert these claims for relief for the numerous injuries he suffered as a direct and proximate result of Defendant Dial's unlawful actions to seize his property and body and terminate Plaintiff's free speech demonstration.

66.     Plaintiff was a resident of Texas and a citizen of the United States at all times relevant to this complaint.

67.   Defendant Dial was a resident of Texas and a citizen of the United States at all times relevant to this complaint.

68.   Plaintiff was engaged in protected free speech in an open public forum.

69.   Plaintiff's conduct was lawful at all times during this incident.

70.   It was obvious given the circumstances that the Plaintiff was engaged in a demonstration of free speech.

71.   Defendant Dial knew or should have known the Plaintiff's conduct was lawful.

72.   It was obvious given the circumstances that the Plaintiff was recording his free speech demonstration.

73.   Defendant Dial knew Plaintiff's free speech demonstration was being recorded.

74.   Defendant Dial knew that Plaintiff was engaged in protected speech and his actions to suppress that speech would be in violation of the First Amendment.

75.   Defendant Dial knew, as a result of his work experience and training, that  Plaintiff was not engaged in a criminal episode at the time Defendant violently assaulted Plaintiff with malicious intent to interfere with a free speech demonstration in order to restrict content or a viewpoint which he found objectionable.

76.   When Defendant Short pulled up, he exited his vehicle, walked up to Plaintiff's recording device, bent over slightly, and examined the device's active recording screen for a long time.

77.   Defendant Short intentionally reached out with his right arm, grasped the riser pole of Plaintiff's tripod, and deliberately rotated the device about 90 degrees, pointing the camera lens away from the scene.

78.   Defendant Short was, at the time of this incident, a fully uniformed and armed law enforcement officer employed by the RCPD.

79.   At all times relevant to this action, Defendant Short was acting under color of law in his capacity as a law enforcement officer employed by the RCPD.

80.   Any tampering with or preventing the collection of content intended for publication without due processes of law is presumed to be unlawful and in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution.

81.   Any tampering with or preventing the collection of evidence of criminal activity or police brutality without due processes of law is presumed to be unlawful and in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution.

82.   Any official retaliation for the content or viewpoints of the messages expressed by a person to which an official objects is presumed to be unlawful and in violation of the First Amendment to the United States Constitution.

83.   Citizens have a clearly established right to record law enforcement in performance of their public duties in public places.

84.   Defendant Short knew he did not have the authority under the circumstances to seize control of Plaintiff's recording equipment.

85.   Defendant Short's conduct of grasping and repositioning Plaintiff's equipment constituted a seizure in violation of the First Amendment to the United States Constitution.

86.   Defendant Short's conduct described herein was motivated by a malicious desire to punish Plaintiff for his speech critical of government misconduct. The fear of being subjected

to police brutality only to have one's deliberately-gathered evidence thereof tampered with or destroyed would chill a person of ordinary firmness from engaging in similar protected speech and conduct, in violation of the First Amendment to the United States Constitution.

87.    Plaintiff has standing to assert these claims for relief for the numerous injuries he suffered, and continues to suffer, as a direct and proximate result of Defendant Short's unlawful actions to seize his recording equipment and tamper with the recording configuration and parameters.

88.    It was obvious given the circumstances that the recording equipment was capturing a field of view focused upon and including Plaintiff.

89.    Plaintiff was engaged in protected free speech in an open public forum.

90.    Plaintiff's conduct was lawful at all times during this incident.

91.    It was obvious given the circumstances that the recording equipment belonged to Plaintiff.

92.    Defendant Short knew that Plaintiff was using the recording equipment to capture video/audio of events involving Plaintiff and his immediate vicinity.

93.    Plaintiff seeks relief for the following specifically enumerated claims:

**FIRST CLAIM FOR RELIEF - 42 U.S.C. § 1983 - FIRST AMENDMENT VIOLATION FOR CONTENT VIEWPOINT CENSORSHIP AGAINST DEFENDANT NICK DIAL**

94.    Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set forth fully verbatim here.

95.   Plaintiff was engaged in protected political speech speaking out on matters of public concern in an open public forum.

96.   Plaintiff was engaged in protected conduct recording himself and any potential interactions therewith in an open public forum.

97.   Defendant Dial acted under color of state law when he took physical control of Plaintiff's political placards and body without any legitimate lawful authority to do so.

98.   Defendant Dial knew Plaintiff's recording activities had the potential to become material evidence against himself or his fellow officers should there be any allegations of misconduct raised by Plaintiff arising from the events unfolding.

99.   Defendant Dial calculated that concealing any misconduct would be in the selfish best interests of himself and/or his fellow officers.

100.   Defendant Dial's conduct to deprive Plaintiff of his right to free speech and to conceal police misconduct in response to and in retaliation for protected free speech and/or press activities by unlawfully arresting Plaintiff would chill a person of ordinary firmness from engaging in similar speech or press conduct.

101.   Defendant Dial engaged in his conduct to deprive Plaintiff of his basic liberties as an American citizen in retaliation for the viewpoint being expressed which was substantially motivated by malicious motives other than to seek justice for a person believed to have committed a crime; specifically, Dial intended to punish Plaintiff for his content and/or viewpoint to which he objected and/or to conceal the evidence of unlawful "street justice" imposed by himself and/or his fellow officers.

102.  Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the First and Fourteenth Amendments of the Constitution of the United States when he unlawfully deprived Plaintiff of his liberty and property interests without due process of law.

103.  Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of and/or with deliberate indifference to Plaintiff's rights secured by the First Amendment to the Constitution of the United States by interfering with the collection of material intended for publication.

104.  Plaintiff sustained injuries, damages and/or losses to his liberty and property as a proximate result of Defendant Dial's unlawful arrest and seizure of Plaintiff's recording device, thus destroying Plaintiff's ability to express to the public matters of public concern.

105.  Defendant Dial's conduct violated clearly established rights secured for Plaintiff by the First Amendment to the Constitution of the United States, which any reasonable officer in his position knew, or certainly should have known.

106.  Plaintiff seeks relief for the injuries caused by Defendant Dial, when he wantonly, intentionally, maliciously, knowingly, willfully, recklessly, and/or with reckless disregard of- and/or deliberate indifference to- Plaintiff's constitutionally protected rights, acting under color of state law, unlawfully arrested Plaintiff and confiscated his property.

107.  In addition to compensatory damages, because Defendant Dial acted with malicious motives, Plaintiff is entitled to punitive damages.

**SECOND CLAIM FOR RELIEF - 42 U.S.C. § 1983 - FIRST AMENDMENT
VIOLATION: RETALIATION FOR SPEECH - CONTENT VIEWPOINT
CENSORSHIP AGAINST DEFENDANT NICK DIAL**

108.  Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set forth fully verbatim here.

109.  Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the First Amendment to the Constitution of the United States when he used his position as a police officer and under color of law to cause injury to Plaintiff as a direct and immediate punishment in retaliation for Plaintiff's protected free speech.

110.  Defendant Dial acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to Plaintiffs rights secured by the First Amendment to the Constitution of the United States when he used his position as a police officer and under color of law to cause injury to Plaintiff as a direct and immediate punishment in retaliation for Plaintiff's protected free speech by arresting Plaintiff without due process or probable cause.

111.  Plaintiff sustained injuries, damages and/or losses to his liberty and property as a proximate result of Defendant Dial's unlawful arrest and seizure of Plaintiff's recording device, thus destroying Plaintiff's ability to express to the public matters of public concern.

112.  Defendant Dial's conduct violated clearly established rights secured for Plaintiff by the First Amendment to the Constitution of the United States, which any reasonable officer in his position knew, or certainly should have known.

113.   Plaintiff seeks relief for the injuries caused by Defendant Dial, when he wantonly, intentionally, maliciously, knowingly, willfully, recklessly, and/or with reckless disregard of- and/or deliberate indifference to- Plaintiff's constitutionally protected rights, acting under color of state law, unlawfully arrested Plaintiff and confiscated his property.

114.   In addition to compensatory damages, Plaintiff is entitled to punitive damages because Defendant Dial acted with malicious motives.

## THIRD CLAIM FOR RELIEF - 42 U.S.C. § 1983 - FIRST AMENDMENT FREE SPEECH/ FREE PRESS CENSORSHIP AGAINST DEFENDANT KEITH SHORT

115.   Plaintiff incorporates herein by reference the statements, allegations and paragraphs made throughout this complaint as if each were set fourth fully verbatim here.

116.   Plaintiff was engaged in protected free press, gathering content for a story on matters of great public concern - police misconduct, in an open public forum.

117.   Defendant Short knew, or certainly should have known, that repositioning Plaintiff's recording device at a critical moment during an unlawful police encounter would prevent Plaintiff from capturing the interaction and censor his ability to publish the story in the manner he might see fit.

118.   Defendant Short acted under color of state law when he took physical control of Plaintiff's active recording equipment and repositioned the camera lens away from the intended field of view without any lawful authority to do so.

119.   Plaintiff had a reasonable expectation his equipment would be secure and unmolested where he was not under arrest at the time of the seizure.

120.  Defendant Short's conduct grasping, lifting, rotating, and repositioning Plaintiff's tripod and recording device away from the scene of obvious interest at a critical time during the incident prevented Plaintiff from gathering content he intended to publish and thus constituted censorship of speech protected by the First Amendment.

121.  Defendant Short's actions to deprive Plaintiff of his property and press interests were unlawful.

122.  Defendant Short's conduct to intentionally reposition Plaintiff's personal and independent recording of a police interaction involving Plaintiff in a public place was maliciously intended to prevent Plaintiff from exercising his rights to gather content to publish about police misconduct.

123.  Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and with reckless disregard of or with deliberate indifference to Plaintiff's rights secured by the First Amendment to the Constitution of the United States when he unlawfully censored Plaintiff's gathering and publication of Plaintiff's activities and arrest.

124.  Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximate result of Defendant Short's unlawful censorship of Plaintiff's story.

125.  Defendant Short's conduct violated clearly established rights secured for Plaintiff by the First Amendment to the Constitution of the United States, which any reasonable officer in his position knew, or certainly should have known.

126.  Plaintiff seeks relief for the injuries he suffered when Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, wantonly, recklessly, and/or with reckless disregard of- and/or deliberate indifference to- Plaintiff's constitutionally protected

rights, acting under color of state law, unlawfully repositioned Plaintiff's active recording

equipment, thus censoring Plaintiff's publication of his story on police misconduct and

brutality.

127.  In addition to the compensatory damages sought, Plaintiff is entitled to punitive damages

because Defendant Short acted with malicious motives.

**FOURTH CLAIM FOR RELIEF - 42 U.S.C. § 1983 - FIRST AMENDMENT
VIOLATION: RETALIATION FOR SPEECH AGAINST DEFENDANT KEITH
SHORT**

128.  Plaintiff incorporates herein by reference the statements, allegations and paragraphs made

throughout this complaint as if each were set fourth fully verbatim here.

129.  Plaintiff was engaged in protected political speech on matters of public concern in an

open public forum.

130.  Plaintiff was engaged in protected conduct recording himself and any potential

interactions with himself in an open public forum.

131.  Defendant Short acted under color of state law when he took physical control of

Plaintiff's active recording equipment and repositioned the camera lens away from the

intended field of view without any legitimate lawful authority to do so.

132.  Defendant Short knew Plaintiff's recording activities had the potential to become

material evidence against himself or his fellow officers should there be any allegations of

misconduct raised by Plaintiff arising from the events unfolding.

133.  Defendant Short calculated that concealing any misconduct would be in the selfish best

interests of himself and/or his fellow officers.

134. Defendant Short's conduct to deprive Plaintiff of objective evidence of police misconduct in response to- and/or in retaliation for- protected free speech and/or press activities by interfering with recordings thereof would chill a person of ordinary firmness from engaging in similar speech or press conduct.

135. Defendant Short's conduct to deprive Plaintiff of his recording of the events was substantially motivated by malicious motives other than to seek justice for a person believed to have committed a crime; specifically, Short intended to punish Plaintiff for his content and/or viewpoint to which he objected and/or to conceal the evidence of unlawful "street justice" imposed by himself and/or his fellow officers.

136. Defendant Short acted wantonly, intentionally, maliciously, willfully, knowingly, recklessly and/or neglectfully and/or with reckless disregard of- and/or with deliberate indifference to- Plaintiff's rights secured by the Fourteenth Amendment to the Constitution of the United States when he unlawfully deprived Plaintiff of his liberty and property interests without due process of law.

137. Plaintiff sustained injuries, damages and/or losses to liberty and/or property directly and indirectly as a proximate result of Defendant Short's unlawful tampering with Plaintiff's recording device, thus destroying Plaintiff's content gathering.

138. Defendant Short's conduct violated clearly established rights secured for Plaintiff by the First Amendment to the Constitution of the United States, which any reasonable officer in his position knew, or certainly should have known.

139. Plaintiff seeks relief for these injuries sustained when Defendant Short, wantonly, intentionally, maliciously, knowingly, willfully, deliberately, and/or with reckless disregard of-

and/or deliberate indifference to- Plaintiff's constitutionally protected rights, acting under color of state law, unlawfully repositioned Plaintiff's active recording equipment, thus censoring Plaintiff's publication of his story on police misconduct and brutality.

140.  In addition to compensatory damages, because Defendant Short acted with malicious motives, Plaintiff is entitled to punitive damages.

### FIFTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION AGAINST BOTH DEFENDANTS

141.  In addition to violating Plaintiff's First Amendment rights by arresting him for engaging in free speech activities, on December 16, 2018, Defendants filed sworn charges against Plaintiff for disorderly conduct-obscene language and resisting arrest.

142.  No probable cause existed to arrest Plaintiff. All charges against Plaintiff have been dismissed.

143.  Defendants' actions in arresting and filing charges against Plaintiff were malicious.

144.  Plaintiff's arrest and prosecution caused him to suffer compensatory damages including injury to his reputation, humiliation, mental anguish, attorney's fees, and travel expenses, for which he now seeks recovery.

145.  Since Defendants' conduct in arresting and prosecuting him was malicious, Plaintiff seeks punitive damages in an amount to be determined by the trier of fact.

### E. REQUEST FOR RELIEF

146.  WHEREFORE,  Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, awarding the following relief:

(a) Appropriate declaratory and other injunctive and/or equitable relief;

(b) Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(c) All economic losses on claims allowed by law;

(d) Punitive damages on all claims allowed by law and in an amount to be determined at trial;

(e) Attorney's fees and the costs associated with this action, including but not limited to those associated with having to defend against the false criminal charges against him and those allowed under 42 U.S.C. § 1988 and other applicable law, including consultation costs, paralegal costs, investigatory costs, deposition costs, witness fees, and expert witness fees, on all claims allowed by law;

(f) Pre- and post- judgment interest at the lawful rate; and

(g) Any further relief this Court deems just and proper, and any other relief allowed by law.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**.

Respectfully submitted,

CHANDLER & SHAVIN, PLLC
12377 Merit Drive, Suite 880
Dallas, Texas 75251

By: /s/ Eliot Shavin
Eliot Shavin
Texas Bar No. 18138200
214-522-2010 (tel)
shavin@chandlershavin.com
Corinna Chandler
Texas Bar No. 24061272
972-863-9063 (tel)
972-692-5220 (fax)
chandler@chandlershavin.com

**ATTORNEYS FOR PLAINTIFF**

<u>CERTIFICATE  OF SERVICE</u>

      On August 1, 2022, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case file system of the Court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by the Federal Rules of Civil Procedure.

                          /s/ Eliot Shavin
                          Eliot Shavin