IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINSTON WESLEY NOLES, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:20-cv-03677-N-BK |
| | § | |
| NICK DIAL, KEITH SHORT, | § | |
|    Defendants. | § | |

**DEFENDANTS' FIRST MOTION FOR PROTECTIVE ORDER (and Motion to Quash)
And BRIEF IN SUPPORT**

Defendants file herewith their First Motion for Protective Order and for same would state unto this Honorable Court the following:

1. Discovery presently pending and directed toward Defendants includes the following:

> Plaintiff's Deposition Notice duces tecum to Defendant Short;
>
> Plaintiff's Deposition Notice duces tecum to Defendant Dial;
>
> Plaintiff's Request for Production to Defendant Short;
>
> Plaintiff's Request for Production to Defendant Dial.

2. Also pending before the Court is Defendant's Motion[1] to Dismiss Plaintiff's Amended Complaint.[2]  Therein, Defendants move to dismiss, pursuant to F.R.C.P. 12, on the grounds that Plaintiff has failed to adequately plead his claim and upon qualified immunity.[3]

3. Although possibly redundant and to the extent necessary, Defendants herein respectfully move this Honorable Court to quash the aforesaid deposition notices to Defendants

---

[1] Court's Docket, # 39.
[2] *Id.*, # 38.
[3] *Id.*, # 39, p. 1.

Defendants' First Motion for Protective Order, No. 3:20-CV-03677-N-BK.   p. 1

(said notices are attached hereto as Ex. A.) for the reasons stated herein. Further, the *duces tecum* portions of the Notices should be quashed for these additional reasons: Said duces tecum requests are overly broad, vague, and invasive of Defendant's work-product and attorney-client communication privileges and exemptions from discovery.

4. Defendants respectfully move the Court to preclude all discovery directed toward Defendants until such time as Defendants' Motion to Dismiss (and the qualified immunity defense therein) is resolved. As recognized by the Fifth Circuit and U.S. Supreme Court, "[O]ne of the most important benefits of the qualified immunity defense is 'protection from pre-trial discovery ….  '"[4] Postponing a ruling on qualified immunity beyond the motion to dismiss stage effectively denies the defense.[5] "The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer must survive the motion to dismiss (and the qualified immunity defense) *without any* discovery."[6]

5. Defendants realize, regretfully, that the relief sought herein affects the Court's Scheduling Order.[7] Defendants therefore move the Court to rescind all unexpired deadlines in said Order subject to further Order of the Court.

6. Accordingly, Defendants respectfully move the Court for the relief sought herein and for such other relief, both general and special, to which Defendants may be justly entitled.

Respectfully submitted,

By: **/s/ Joe C. Tooley**

State Bar No. 2012970
510 Turtle Cove, Suite 112

---

[4] *Carswell v. Camp*, 37 F.4th 1062, 1065 (5th Cir. 2022) citing *Backe v. Leblanc*, 691 F.3d at 648 (5th Cir. 2012).
[5] *Id*.
[6] *Id*. at p. 1066.
[7] Docket, # 36.

Defendants' First Motion for Protective Order, No. 3:20-CV-03677-N-BK.   p. 2

Rockwall, Texas 75087
(972) 722-1058
(972) 722-1070 (Facsimile)
Joe@TooleyLaw.com

ATTORNEY FOR DEFENDANTS

### CERTIFICATE OF CONFERENCE

I hereby certify that on the 18th day of November, 2022, the undersigned conferred in person with Plaintiff's counsel of record regarding the relief sought herein. No agreement was reached and the foregoing Motion is presented as OPPOSED.

**/s/ Joe C. Tooley**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, as modified by this Court's ECF Orders, on this 21st day of November, 2022.

**/s/ Joe C. Tooley**