IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINSTON WESLEY NOLES,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. 3:20-CV-03677-N-BK |
| NICK DIAL, KEITH SHORT,<br>    Defendants. | §<br>§ | |

## PLAINTIFF'S NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM TO NICK DIAL AND KEITH SHORT

TO: Defendants Nick Dial and Keith Short, by and through their attorney of record, Joe C. Tooley, of Tooley Law, located at 510 Turtle Cove, Suite 112, Rockwall, Texas 75087.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, by agreement of counsel, Plaintiff will take the deposition upon oral examination of the person(s) whose name is stated below at the time indicated before an officer authorized to administer oaths. The depositions will be conducted via the Zoom webcast platform. A Zoom link will be provided. The deposition will be recorded by stenographer and possibly videotape.

THE WITNESS SHOULD HAVE A GOVERNMENT-ISSUED IDENTIFICATION TO PROVIDE TO THE COURT REPORTER TO CONFIRM HIS/HER IDENTITY AT THE COMMENCEMENT OF THE DEPOSITION AND BEFORE BEING SWORN.

The appearance will be as follows:

> Witness: Nick Dial  
> Date: 12/19/22  
> Time: 1:00 p.m.  
> Location: Remote

> Witness: Keith Short  
> Date: 12/6/22  
> Time: 1:00 p.m.  
> Location: Remote

Further pursuant to Federal Rule of Civil Procedure 45(a)(1)(C), Plaintiff hereby instructs Defendant Dial to produce documents, electronically stored information, or tangible things as specified in the attached Exhibit A. Plaintiff hereby instructs Defendant Short to produce documents, electronically stored information, or tangible things as specified in the attached Exhibit B.

> Respectfully submitted,
>
> CHANDLER & SHAVIN, PLLC
> 12377 Merit Drive, Suite 880
> Dallas, Texas 75251
> By: /s/ Eliot Shavin



PLAINTIFFS' NOTICE OF DEPOSITION AND SUBPOENA DUCES TECUM     Page 1

Eliot Shavin
Texas Bar No. 18138200
214-522-2010 (tel)
shavin@chandlershavin.com

Corinna Chandler
Texas Bar No. 24061272
972-863-9063 (tel)
972-692-5220 (fax)
chandler@chandlershavin.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this instrument was served upon attorneys of record for Defendants Dial and Short by email on this 5th day of November, 2022.

/s/ Eliot Shavin
Eliot Shavin

## EXHIBIT A
## PRODUCTION OF DOCUMENTS – NICK DIAL

### I.     DEFINITIONS

The following items shall have the following meaning, unless the context requires otherwise:

1. "Document," as used in this Request, is defined as all originals and any nonidentical copies and reproductions of any written, recorded, pictorial, or other graphic matter, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, whether tape or other electronic recordings, whether printed, recorded, reproduced by any process or written or produced by hand, including but not limited to advertisements of any nature used or prepared to be used in any media, quotations, telephone notes, memoranda, reports, agreements, communications, staff reports, computer printouts, data or data compilations, summaries of personal conversations, diaries, photocopies, tape recordings, emails, correspondence, invoices, proofs of delivery, purchase orders, accounting records, drafts of any of the aforementioned documents, revisions of drafts of any documents, and original or preliminary notes concerning drafts of any documents, now or at any time within your custody, control, or possession.

2. "Defendant," "Officer," "you," "your," is defined collectively as Nick Dial.

3. "Correspondence" means the transmittal of information in the form of facts, ideas, data, inquiries, or otherwise.

4. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

5. "Relating to" and "relates to" mean, without limitation, that the Document identified in the Request tends to support or contradict any fact or allegation identified.

6. "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and

constituting.

7. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

8. Unless otherwise stated, each Request covers the time period from December 16, 2013, to the time of trial (hereinafter referred to as the "Relevant Time Period"). Each Request, whether expressed in the present tense or otherwise, refers to the entire period unless otherwise specified in the Request. If changes have been made to documents or they have been superseded by other documents, produce all versions of the documents which are responsive for this time period.

9. The word "and" means "and/or."

10. The word "or" means "or/and."

## II.   INSTRUCTIONS

1.  You shall produce the requested documents in the manner required by the Federal Rules of Civil Procedure.

2.  All documents that contain or consist of electronically stored information shall be provided in native format, including all electronic data such as profile data, metadata and any other electronic data for the native application, if the native format can be viewed using Microsoft Office or Adobe software. All other electronically stored information shall be produced in a format that can be viewed using Microsoft Office or Adobe software. For any documents that cannot be converted or viewed using such software, notify the requesting party of responding party's intended form of production that is either reasonably usable or as it is ordinarily kept.

3.  For electronically stored information, identify every source containing potentially responsive information that the responding party is not searching or producing.

4.  For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

5.  If any document responsive to any of these requests is withheld by asserting any privilege or immunity from production, submit a schedule at the time of production setting forth for each document withheld the following information:

   a.   The type of document (letter, memorandum, etc.);

   b.   The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

   c.   The name and job title of each author, co-author or preparer of the document;

    d.    The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material;

    e.    The name, job title, and address of the custodian of the material and the material's current location;

    f.    If the document reflects or refers to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation;

    g.    The subject matter of the information contained in the document;

    h.    The nature of the privilege or immunity asserted; and

    i.    A brief explanation of why the document is believed to be privileged or immune from production.

6. Produce the originals of any document requested and all non-identical copies thereof.

7. You must timely supplement your responses to the extent required by the Federal Rules of Civil Procedure.

### III.    DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**    Please produce any and all documents that you have received during the Relevant Time Period regarding your law enforcement training, protocols, and operating procedures related to engaging and arresting real or hypothetical suspects.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**    Please produce any and all documents related to performance evaluations, disciplinary actions, and complaints received by you in relation to your law enforcement or security-related activities during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**    Please produce all documents and communications, including voicemails, videos, correspondence, text messages, emails, and social media posts and messages regarding Winston Wesley Noles written by you or others during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**    Please produce all documents related to your confrontations with, or arrests of, any person engaging in speech critical of law enforcement or of any governmental entity, any person holding a sign, begging or panhandling, any person recording audio or video at the time of the arrest or confrontation, any political activists, and any person that you suspected of committing nonviolent crimes involving utterances or symbols.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**    Please produce copies of all documents, including, but not limited to, transcripts, reports, correspondence, recordings, and witness statements, concerning the interrogation, questioning, detention, evaluation, and treatment of Winston Wesley Noles.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**    Please produce copies of all sworn testimony given by you in any civil case or investigation involving a claim of a violation of constitutional rights.

**RESPONSE:**

## EXHIBIT B
## PRODUCTION OF DOCUMENTS – KEITH SHORT

### I. DEFINITIONS

The following items shall have the following meaning, unless the context requires otherwise:

1. "Document," as used in this Request, is defined as all originals and any nonidentical copies and reproductions of any written, recorded, pictorial, or other graphic matter, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, whether tape or other electronic recordings, whether printed, recorded, reproduced by any process or written or produced by hand, including but not limited to advertisements of any nature used or prepared to be used in any media, quotations, telephone notes, memoranda, reports, agreements, communications, staff reports, computer printouts, data or data compilations, summaries of personal conversations, diaries, photocopies, tape recordings, emails, correspondence, invoices, proofs of delivery, purchase orders, accounting records, drafts of any of the aforementioned documents, revisions of drafts of any documents, and original or preliminary notes concerning drafts of any documents, now or at any time within your custody, control, or possession.

2. "Defendant," "Officer," "you," "your," is defined collectively as Keith Short.

3. "Correspondence" means the transmittal of information in the form of facts, ideas, data, inquiries, or otherwise.

4. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

5. "Relating to" and "relates to" mean, without limitation, that the Document identified in the Request tends to support or contradict any fact or allegation identified.

6. "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and

constituting.

7. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

8. Unless otherwise stated, each Request covers the time period from December 16, 2013, to the time of trial (hereinafter referred to as the "Relevant Time Period"). Each Request, whether expressed in the present tense or otherwise, refers to the entire period unless otherwise specified in the Request. If changes have been made to documents or they have been superseded by other documents, produce all versions of the documents which are responsive for this time period.

9. The word "and" means "and/or."

10. The word "or" means "or/and."

## II.     **INSTRUCTIONS**

1. You shall produce the requested documents in the manner required by the Federal Rules of Civil Procedure.

2. All documents that contain or consist of electronically stored information shall be provided in native format, including all electronic data such as profile data, metadata and any other electronic data for the native application, if the native format can be viewed using Microsoft Office or Adobe software. All other electronically stored information shall be produced in a format that can be viewed using Microsoft Office or Adobe software. For any documents that cannot be converted or viewed using such software, notify the requesting party of responding party's intended form of production that is either reasonably usable or as it is ordinarily kept.

3. For electronically stored information, identify every source containing potentially responsive information that the responding party is not searching or producing.

4. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

5. If any document responsive to any of these requests is withheld by asserting any privilege or immunity from production, submit a schedule at the time of production setting forth for each document withheld the following information:

    a. The type of document (letter, memorandum, etc.);

    b. The date the document was prepared, and the date of any meeting or conversation reflected or referred to in the document;

    c. The name and job title of each author, co-author or preparer of the document;

   d.  The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material;

   e.  The name, job title, and address of the custodian of the material and the material's current location;

   f.  If the document reflects or refers to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation;

   g.  The subject matter of the information contained in the document;

   h.  The nature of the privilege or immunity asserted; and

   i.  A brief explanation of why the document is believed to be privileged or immune from production.

6. Produce the originals of any document requested and all non-identical copies thereof.

7. You must timely supplement your responses to the extent required by the Federal Rules of Civil Procedure.

### III. DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**   Please produce any and all documents that you have received during the Relevant Time Period regarding your law enforcement training, protocols, and operating procedures related to engaging and arresting real or hypothetical suspects.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2**   Please produce any and all documents related to performance evaluations, disciplinary actions, and complaints received by you in relation to your law enforcement or security-related activities during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3**   Please produce all documents and communications, including voicemails, videos, correspondence, text messages, emails, and social media posts and messages regarding Winston Wesley Noles written by you or others during the Relevant Time Period.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**   Please produce all documents related to your confrontations with, or arrests of, any person engaging in speech critical of law enforcement or of any governmental entity, any person holding a sign, begging or panhandling, any person recording audio or video at the time of the arrest or confrontation, any political activists, and any person that you suspected of committing nonviolent crimes involving utterances or symbols.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**   Please produce copies of all documents, including, but not limited to, transcripts, reports, correspondence, recordings, and witness statements, concerning the interrogation, questioning, detention, evaluation, and treatment of Winston Wesley Noles.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**   Please produce copies of all sworn testimony given by you in any civil case or investigation involving a claim of a violation of constitutional rights.

**RESPONSE:**