IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINSTON WESLEY NOLES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:20-CV-03677-N-BK |
| | § | |
| NICK DIAL & KEITH SHORT, | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST MOTION FOR PROTECTIVE ORDER (AND MOTION TO QUASH) AND BRIEF IN SUPPORT**

**TO THE HONORABLE JUDGE DAVID GODBEY:**

Plaintiff Winston Noles, through his undersigned counsel, files this Response to Defendants' First Motion for Protective Order (and Motion to Quash) and Brief in Support (Doc. 46):

## I. Background

Defendants' First Motion for Protective Order (and Motion to Quash) relies solely on Defendants' assertion of the qualified immunity defense, which the Court has already denied. Therefore, the Court should deny Defendants' motion.

Defendants continue to make arguments that ignore the prior orders of this Court. In their first two motions to dismiss (Doc. 10 at ¶ 2; Doc. 16 at ¶ 2), Defendants asserted that Plaintiff's claims are barred by the doctrine of res judicata due to Judge Lynn's dismissal of Plaintiff's claims in Cause No. 3:20-CV-1721-M-BT (Doc. 13). However, Judge Lynn's order explicitly dismissed the claims in that case *without* **prejudice.** Cause No. 3:20-CV-1721-M-BT (Doc. 26 at 4 (emphasis added)). It is for this reason that Magistrate Judge Toliver recommended that Defendants' res judicata argument be rejected.

Second, after Plaintiff pled First Amendment claims based on content viewpoint censorship, retaliation for speech, free speech/free press censorship, prior restraint, and the right of redress (Doc. 3 at 3–4, 43), and the Magistrate Judge recommended that "Plaintiff's First Amendment prior restraint and right of redress claims" should be dismissed either (a) without prejudice or (b) with prejudice if Plaintiff fails to file an amended complaint within fourteen days of the Court's acceptance of her recommendation (Doc. 26 at 15), Defendants asserted in a Renewed 12(b)(6) Motion to Dismiss and Brief in Support that "the Magistrate Judge **recommended dismissal without prejudice of Plaintiff's First Amendment claims** and further recommended that Plaintiff be permitted to amend his complaint within 14 days of acceptance of said recommendation or that **the First Amendment claims should likewise be dismissed with prejudice**." Doc. 28 at 1-2 (emphasis added). Nowhere in the Renewed Motion to Dismiss did Defendants acknowledge that the Magistrate Judge recommended dismissal of the prior restraint and right of redress claims only, and that Defendant's Renewed Motion to Dismiss should be denied because Plaintiff still has claims based on content viewpoint censorship, retaliation for speech, and free speech/free press censorship. Doc 31 at 2–3.

Third, even though the Magistrate Judge unequivocally recommended (Doc. 26 at 8, 9–10, 11–12, 12–13) that Defendants are not entitled to qualified immunity for any of Plaintiff's remaining claims in this case — and this Court accepted the recommendation (Doc. 27) — Defendants have again asserted the qualified immunity defense in another motion to dismiss (Doc. 39 at ¶ 4). In doing so, Defendants have once again ignored the plain language of the Magistrate Judge's prior recommendation:

1. Regarding Plaintiff's claim against Defendant Dial for content viewpoint censorship based on Dial's forcible seizure of the signs, "[a]ny reasonable officer in Officer Dial's

position should have known that actively preventing Plaintiff from displaying his signs violated Plaintiff's First Amendment Rights.  Accordingly, Officer Dial is not entitled to dismissal of Plaintiff's First Amendment Claims." Doc. 26 at 8.

2. Regarding Plaintiff's claim against Defendant Short for free speech/free press censorship based on Short's interference with Plaintiff's recording of the incident, "it was clearly established at the time of the incidents underlying this suit that Plaintiff had a First Amendment right to record the events so long as he was doing so lawfully." Id. at 9. "[T]he law was sufficiently clear at the time of the incident at issue that every reasonable officer would have known that conduct like Officer Short's would violate the First Amendment.  Accordingly, Officer Short is not entitled to dismissal of Plaintiff's First Amendment Claim."  Id. at 10.

3. Regarding Plaintiff's claims against Defendants Dial and Short for retaliation against Plaintiff for exercising his First Amendment rights when they (a) forcefully seized Plaintiff's signs and (b) interfered with his recording of the incident, Plaintiff's retaliation claims survived because the Magistrate Judge found that Defendants' conduct was unreasonable in light of the relevant legal precedents. Id. at 12–13.

The Court has not yet ruled on Defendants' latest motion to dismiss, but the Court has definitively denied qualified immunity as applied to Plaintiff's remaining claims. Doc. 26 at 8, 9–10, 11–12, 12–13; Doc. 27.

## II.     Argument

Now, based on Defendants' most recent Motion to Dismiss—which asserts the qualified immunity defense after this Court has already denied it—Defendants "move the Court to preclude all discovery directed toward Defendants until such time as Defendants' Motion to

Dismiss (and the qualified immunity defense therein) is resolved." Doc. 46 at ¶ 4. Although this most recent Motion to Dismiss correctly argues that discovery is not appropriate if the Court has not ruled on qualified immunity, this Court definitively rejected qualified immunity well before either party sought discovery. Doc. 26 (filed 8/25/21) (recommending denial of qualified immunity on the remaining First Amendment claims); Doc. 27 (filed 9/17/21) (adopting the recommendation of denial of qualified immunity); Doc. 46, Ex. 1 (Plaintiff's Notice of Deposition and Subpoena Duces Tecum, the first written discovery served on Defendants by Plaintiff, served on 11/5/22).

Further, Defendants' counsel moves for this protective order and to quash discovery after agreeing to produce both Defendants for deposition (See Doc. 46, Ex. 1 (Defendant Short on 12/6/22 and Defendant Dial on 12/19/22)) and taking Plaintiff's deposition on 11/18/22. In agreeing to produce Plaintiff for deposition on 11/18/22 after having first requested dates for Defendants' depositions, Plaintiff's counsel relied upon Defendants' counsel's agreement to produce Defendants for deposition on 12/6/22 and 12/19/22. Plaintiff's counsel would not have produced Plaintiff for deposition prior to Defendants' depositions if Defendants' counsel had not agreed to produce Defendants for deposition. Since taking Plaintiff's deposition on 11/18/22, there has been no change in material facts or legal precedent that could justify Defendants' counsel's gamesmanship.

The Court should deny Defendants' First Motion for Protective Order (and Motion to Quash) because Defendants' argument demands that the Court ignore the plain text (and existence) of its prior rulings. Further, the Court should order both Defendants to respond to all discovery served on Defendants by Plaintiff and appear for depositions at a time and place acceptable to Plaintiff's counsel. Defendants argue that discovery cannot continue until the issue of Defendants' qualified immunity defense is resolved. Doc. 46 at ¶ 4. This Court resolved the

4

Plaintiff's Response to Defendants' First Motion for Protective Order

issue on Sept. 17, 2021, when the Court accepted and adopted (Doc. 27) the Magistrate Judge's recommendation that the Court deny Defendants' assertion of the qualified immunity defense as applied to Plaintiff's remaining claims in this case. Doc. 26 at 8, 9–10, 11–12, 12–13. Defendants' repeated misrepresentations and ignoring of the Court's prior rulings in this case and the prior case in Judge Lynn's court are violations of Rule 11(b) of the Federal Rules of Civil Procedure that warrant the imposition of sanctions.

Respectfully submitted,

CHANDLER & SHAVIN, PLLC
12377 Merit Drive, Suite 880
Dallas, Texas 75251

By: /s/ Eliot Shavin
Eliot Shavin
Texas Bar No. 18138200
214-522-2010 (telephone)
shavin@chandlershavin.com

Corinna Chandler
Texas Bar No. 24061272
972-863-9063 (telephone)
972-692-5220 (fax)
chandler@chandlershavin.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via the Court's ecf system on this the 2nd day of December 2022.

/s/ Eliot Shavin
Eliot Shavin