IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WINSTON WESLEY NOLES, § | |
|     Plaintiff, § | |
| § | |
| v. § | Cause No. 3:20-cv-03677-N-BK |
| § | |
| NICK DIAL, KEITH SHORT, § | |
|     Defendants. § | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Defendants who make and file this Motion for Summary Judgment pursuant to F.R.C.P. 56. For same, Defendants would state the following:

1. Plaintiff herein brings a First Amendment claim[1] pursuant to 42 U.S.C. §1983 arising from his arrest on Dec. 16th,[2] 2018, in Royse City, Texas. Plaintiff's pending claims are two-fold: He alleges deprivation of his right to freedom of speech under the First Amendment and of his right to assemble under the First Amendment.[3]

2. Grounds for motion:

(1) Plaintiff's claims are barred by the applicable statute of limitations;

(2) On this record, the deprivations alleged by Plaintiff are unsupported such as there is no issue of material fact remaining which could support a finding of the alleged deprivations;

---

[1] Plaintiff originally asserted additional claims as reflected by docket entry # 3; however, only the First Amendment claim survived Defendant's challenge under FRCP 12. *See*, Docket ## 31, 32.

[2] The date of the arrest is alleged by Plaintiff to have been Dec. 15th, 2018,(docket #3, p. 5); and on Dec. 16th, 2018. (Amended Complaint, docket #38, p. 3).

[3] These are the remaining claims in this case after the Court's Orders on Defendants' Motions to Dismiss. *See*, Docket, ## 31 (p.3) and 32.

(3) The claims against Defendant/Officer Dial are barred by qualified immunity as this record establishes there is no genuine issue of material fact to support a finding overcoming said immunity. The evidence establishes that a reasonable officer in Officer Dial's shoes could have believed that Short's actions were lawful.

(4) The claims against Defendant/Officer Short are barred by qualified immunity as this record establishes there is no genuine issue of material fact to support a finding overcoming said immunity. The evidence establishes that a reasonable officer in Officer Short's shoes could have believed that Short's actions were lawful.

3. Pursuant to Local Rule of Civil Procedure 56.3(b), the remaining required contents of Local Rule 56.3(a) are set forth in the Brief which accompanies this Motion.

4. This Motion is filed to comply with the current scheduling order of this Honorable Court. However, Defendants' Motion to reconsider said Order is currently pending and, if granted, would result in a modification of same. Should that occur, Defendants respectfully reserve the right to modify or supplement this motion as appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that they go hence without day, recover costs, including reasonable attorney's fees, pursuant to 42 U.S.C. 1988, in this behalf expended and for such other and further relief, both general and special, to which Defendants may be justly entitled.

Respectfully submitted,

By:   **/s/ Joe C. Tooley**
State Bar No. 20129750
510 Turtle Cove, Suite 112
Rockwall, Texas 75087

(972) 722-1058
(972) 722-1070 (Facsimile)
Joe@TooleyLaw.com

ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing document has been forwarded to Plaintiff's counsel of record in accordance with the Federal Rules of Civil Procedure, as modified by this Honorable Court's ECF Orders, on this 17th day of January, 2023.

**/s/ Joe C. Tooley**