IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WINSTON WESLEY NOLES, *Plaintiff*

v.

NICK DIAL & KEITH SHORT, *Defendants*

Cause No. 3:20-CV-03677

My name is Kelley Stone. I am over the age of eighteen (18), am of sound mind, and in all ways competent to make this affidavit. This report is based on my personal knowledge and is true and correct. I have been retained by defendant's attorney, Mr. Joe C. Tooley, as an expert witness in this case and have been asked to review file material and reports and to offer my expert opinion on the issues in this case. The facts and opinions stated here are based on my review of the documents as well as my experience, education, skill, and knowledge of policing and the administration of justice developed the past four plus decades.

I am a retired peace officer with more than fifteen years in senior leadership of a public policing agency, in those positions I led investigations of allegations of police officer misconduct, which involved pursuits, use of force, and criminal incidents. Importantly, on a routine basis I also led the development of general orders and policy that assist in guiding the discretion of police officers in carrying out their duties. I currently serve as a Reserve Deputy for Wise County Sheriff's Office.

I hold a bachelor's degree in Business Management from LeTourneau University, Master of Business Administration and Ph.D. in Public Affairs from The University of Texas at Dallas. I am certified as a Master Peace Officer and a Peace Officer Instructor certified by the Texas Commission on Law Enforcement (TCOLE). I am also a graduate of the Law Enforcement Command College, Sam Houston University, Huntsville, Texas, the FBI National Academy 189th Session, and the Homeland Security Leadership Program, Naval Postgraduate School, Monterey, CA. I have taught at Collin County Law Enforcement

Academy and The University of Texas at Dallas, teaching courses in criminal law and procedure, code of criminal procedure, arrest, search, and seizure, law enforcement administration, and law enforcement leadership.

I have been a licensed peace officer for more than 45 years and I have taken and completed all the training and education TCOLE mandated for police officers in this state, including but not limited to firearms training, defensive tactics, arrest, search and seizure, de-escalation, racial profiling, and crisis intervention. Consequently, I am familiar with commonly accepted policies, procedures, and practices of police departments and oversight agencies in this country. See the attached resume/vitae for further information on my experience, training, and education.

## Expert Report of Kelley E. Stone, PhD.

### Material Reviewed for Salient Facts, Opinion and Conclusion by Witness for this Report

1. I have reviewed the following materials to date for opinion and conclusions:

   - Plaintiff's Live Complaint pdf.
   - JohnieClark 201812161251_Unit025_108861585.mp4
   - KeithShort_201812161253_Unit021_165859046.mp4
   - NickDial__201812161250_Unit023_160805408.mp4
   - Answer by Dial.pdf
   - Answer by Short.pdf
   - City Court Docket.pdf
   - City Court dismissal.pdf
   - Motion requesting continuance be withdrawn filed in City crim case.pdf
   - Noles City court filing.pdf
   - Noles dismissal.pdf
   - Noles Magistrate ruling (1).pdf
   - Noles Scheduling Order.pdf
   - PD Report Noles.pdf
   - Royse City Police Department Arrest Report
   - Texas Incident Report
   - Confidential Supplement Narrative of Officer Johnie Clark
   - Confidential Supplement Narrative of Sergeant Nick Dial

- Warrantless Arrest Complaint/Probable Cause for Resisting Arrest, Search, or Transport Penal Code 38.03
- Warrantless Arrest Complaint/Probable Cause for the offense of Disorderly Conduct Penal Code 42.01 (a)(1)
- Rockwall Sheriff's Office - Released Inmate Details
- Rockwall County Sheriff CFS Report # - 2018-037562
- Royse City Police Department Offense Number 18-1200 73 Disorderly Conduct including photos of three signs
- Copy of Email from Mallory Rice to Johnie Clark; Nick Diaulia Riley; Destry Wilson
- Michael Morton Act Discovery Request – Art. 39.14, TX CCP
- Telephone interview with Lieutenant Nick Dial
- Telephone interview with Officer Keith Short
- Rules of Conduct, Royse City PD, General Order 2.1
- Department Records, Royse City PD, General Order 5.1
- Media and Public Information, Royse City PD, General Order 5.2
- Constitutional Safeguards, Royse City PD, General Order 7.1
- Release of Information, Royse City PD, Standard Operating Procedure 11-011
- Records and Information Management, Royse City PD, Standard Operating Procedure 11-013
- Mobile Video Recording Equipment, Royse City PD, Standard Operating Procedure 12-001
- Defendants' First Motion for Protective Order (and Motion to Quash) And Brief in support
- Texas Commission on Law Enforcement Personal Status Report for Keith Short
- Texas Commission on Law Enforcement Personal Status Report for Sergeant Nick Dial

The following are Salient Facts:

On December 16, 2018, Royse City PD Officer J. Clark and Sergeant Dial both received multiple reports, which included a complaint from Janet Wright Nichol, that a subject was standing near the intersection of North Service Road of Interstate 30 and FM 548 100 W Interstate 30, Royse City near the Jack in the Box restaurant. The citizens reported that an unknown subject was displaying signs with vulgar and profane messages. Officer Clark was the first to arrive at the scene and observed a white male, who was later identified as Winston Wesley Noles, DOB 02/15/1986, holding up a sign with the message, "Give me liberty or give me death."

Officer Clark approached Mr. Noles and explained that he had received complaints from citizens about vulgar language on some of the signs he was displaying to the public

driving by his location. Officer Clark addressed Mr. Noles several times and Noles did not respond to Officer Clark. Officer Clark asked Mr. Noles if he could view the other signs to confirm or deny the complaints from citizens. Mr. Noles responded, "I refuse under the 4th amendment."

Sergeant Dial arrived at the scene and asked Mr. Noles, "What does the signs say." Mr. Noles asked, "What am I doing?" Sergeant Dial asked again, "Sir, may I see the signs?" Mr. Noles pulled away and said no. Sergeant Dial explained to Mr. Noles that they had received complaints from citizens that that Mr. Noles was holding up signs with profanity and if he didn't let him look at them, he was going to arrest Mr. Noles for disorderly conduct. Mr. Noles stated: "I am not being disorderly." Sergeant Dial struck the top of the signs with his hand, causing the signs to fall to the ground. Sergeant Dial picked up the signs from the ground and examined them. Mr. Noles stated: "I don't consent to any searches." Sergeant Dial looked at the signs and stated: "This is offensive to people and families driving by." Sergeant Dial advised Mr. Noles that it was disorderly conduct. Mr. Noles asked: "Can you read that to me?" Sergeant Dial asked if he had his ID on him. Mr. Noles stated, "No sir." Sergeant Dial stated, "Now you are failing to ID." Mr. Noles stated: "But I don't have an ID on me." Sergeant stated: "Put your hands behind you back." Mr. Noles fell to the ground in a slow spiral motion. Evidence shown in the patrol car video/audio evidence: KeithShort_201812161253_unit021_16589046.mp4. Mr. Noles is approximately 6'2" inches in height and weighs approximately 300 pounds and by falling to the ground, resisted arrest and detention.

The additional signs were "Shit is fucked up and stuff" and "Well the system isn't going to fuck itself." Mr. Noles directed his speech to a motorist passing by at the intersection stating: "What the fuck?" After falling to the ground, Mr. Noles was handcuffed behind his back and was transported to Rockwall County Jail for resisting arrest and disorderly conduct without any further incidents.

The Following are my opinions and conclusions:

1. A reasonable officer in the shoes of Sergeant Dial, with Sergeant Dial's experience, education, and training, would believe that there was reasonable suspicion to believe a crime was being committed. Sergeant Dial's contact with Winston Noles was to determine if he was displaying signs with vulgar and offensive language. During Officer Clarks' contact with Mr. Noles, Mr. Noles turned away from Officer Clark and stated: "What the fuck" to a citizen stopped at the intersection near Winston Noles' location. Video/audio evidence shows Mr. Noles turning toward a truck with the window rolled down and stated: "What the Fuck." On November 22, 2022, Kelley Stone conducted a telephone interview with Sergeant Dial to determine if he was aware that after he arrived at the

scene of the arrest, that Mr. Noles had made the statement: "what the fuck" to a person stopped at the intersection. Sergeant Dial advised Kelley Stone that he was aware of Mr. Noles' use of vulgar language to a person stopped at the intersection prior to his arrival on the scene. A reasonable officer in the shoes of Sergeant Dial, with similar training, education, and experience, would believe that there was probable cause to arrest Mr. Noles for disorderly conduct.

2. Several citizens passing by Mr. Noles location complained about the signs with vulgar and profane language that Winston Noles was holding up to vehicles on a public road and Mr. Noles saying, "what the fuck" to a citizen, stopped at the intersection with his window rolled down. Video/audio evidence would lead a reasonable officer in the shoes of Sergeant Dial to believe that arresting Winston Noles for PC 42.01 (a)A person commits an offense if he intentionally or knowingly: (1) uses abusive, indecent, profane, or vulgar language in a public place, and the language by its very utterance tends to incite and immediate breach of the peace; was reasonable.

3. Officer Clark's video: JohnieClark_201812161251_Unit025_108861585.mp4; clearly shows Officer Clark instructing Winston Noles to place his hands behind him. Winston Noles who is 6'2" tall and approximately 300 pounds falls to the ground to resist arrest. A reasonable officer in the shoes of Officer Clark and Sergeant Dial would believe that there was probable cause to charge Winston Noles with Penal Code 38.03; "Resisting Arrest, Search, or Transportation (a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at this direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another."

4. November 16, 2022, Kelley Stone contacted Officer Short by phone to discuss his observation and details concerning the arrest of Mr. Noles, December 16, 2018. Officer Short advised that he had finished working an off-duty assignment, December 16, 2018, and was returning his patrol car to Royse City Police Department. Officer Short stopped to back up Officer Clark and Sergeant Dial. When Officer Short arrived at the scene he observed a tripod near where Officer Clark and Sergeant Dial were talking to Mr. Noles. The tripod was near a muddy area and when Officer Short first observed the tripod he thought it was a shop light, but after looking closer at the device he noticed it had a black case attached to it. Officer Short explained that he moved the tripod slightly to avoid tripping over the leg of the tripod if he stepped across the mud to assist with the arrest of Mr. Noles. A reasonable officer in the shoes of Officer Short would have taken the same or similar action to position himself to quickly respond to assist with the arrest of Mr. Noles if his assistance was needed. This is a common practice for law enforcement officers to be aware of their surroundings and position their bodies in a defensive posture to

respond or mitigate potential threats. Subsequently, Officer Short learned after the lawsuit was filed that allegedly the device was a cell phone videoing the location where Mr. Noles was standing. Officer Short did not see any indication that the device was recording but was aware that the contact with Mr. Noles was being video/audio recorded by patrol vehicles' dashboard cameras at the scene. Officer Short was also aware that the audio/video recording of dashboard cameras would be stored and available in Royse City Police Department Records, as required by Royse City Police Department practice and General Orders 7.2 section VI. (Documenting The Interview or Stop) listed and reviewed in this report.

5.  In conclusion, the evidence I have reviewed overwhelmingly supports that a reasonable, prudent, and well-trained officer in the shoes of Sergeant Dial and Officer Short would have taken the same or similar action to arrest the suspect, based upon the facts known to them at that time.

## Fee Schedule

I am paid $200 per hour to review, analyze, prepare for testimony, and the development of an opinion in this case.

## Publications For Last Ten Years

"Creating an Information Sharing and Analysis Center: A Case Study of the North Central Texas Fusion Center", Kelley Edmonds Stone, Ph.D., University of Texas at Dallas, Ph.D. dissertation defended December 2013.

## Previous Testimony

I have not given testimony, as an expert, by trial or deposition in the last four years.

The aforementioned opinions and observations are true and correct to a reasonable degree of certainty.

Kelley Stone, PhD.

SUBSCRIBED AND SWORN TO before me on this 16th day of Jan. 2023
To certify which witness my signature and official seal.

My Commission Expires: 07/21/2026

Notary Public, State of Texas

JESSE TAYLOR WARREN
Notary ID #131633222
My Commission Expires
July 21, 2026