IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINSTON WESLEY NOLES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:20-cv-03677-N-BK |
| | § | |
| NICK DIAL, KEITH SHORT, | § | |
| Defendants. | § | |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Dial and Short ("Defendants") who make and file this Brief in Support of their Motion for Summary Judgment.  For same, Defendants would state the following:

1.   Summary:[1]        Plaintiff asserts claims for alleged deprivation of his right to free speech and right to assemble under the First Amendment to the U.S. Constitution pursuant to 42 USC §1983.[2]   It is undisputed that, at the time of the encounter, these Defendants were public officials for the City of Royse City, Texas, and acting under color of law at all pertinent times. This case arises from an arrest of Plaintiff on December 16th, 2018, in Royse City, Texas.

2.   Limitations:  As reflected by the Court's docket, this incident occurred on Dec. 16th, 2018.[3] Suit was filed Dec. 18th, 2020, -- more than two years after the incident and after the expiration of the applicable two-year statute of limitations. Limitations in

---

[1] Local Rule 56.3(a)(1).

[2] *See*, Plaintiff's First Amended Complaint, docket # 38.  Other claims were dismissed by Order of the Court. Docket ##31, 31.

[3] Plaintiff's First Amended Complaint, docket # 38, p. 3.

this §1983 case are determined by state law.[4] Thus. the Federal claims – filed outside that limitations period – are clearly barred by limitations.[5]   Therefore, this case is barred by limitations and should be dismissed on that basis without reaching the issues discussed below.

3.    Facts:   On December 16th, 2018, Dial (on duty as a Royse City police officer assigned to patrol duties as a sergeant) and another officer responded to suspicious person/disturbance reports in the City of Royse City.[6]   In particular, the officers were advised by citizens that a person was standing at an intersection holding signs containing vulgar and profane language.[7]   On arrival, Sgt.[8] Dial discovered Plaintiff standing on the edge of a public roadway speaking with the other patrol officer who arrived moments before.[9]   Sgt. Dial observed that Plaintiff Noles refused to identify himself and resisted detention by flopping on the ground.[10] Officer Short was returning from an off-duty job in uniform and driving a marked Royse City police vehicle when he heard the above report on his police radio.[11]   Officer Short observed a tripod in a muddy area and noticed what appeared to be a shop light mounted on same.[12]   He did not learn, until later, that the device was apparently a cell phone of some sort.[13]   Sgt. Dial and Officer Clark (not a party hereto) arrested Plaintiff based upon their observations that probable cause existed to believe that Plaintiff had committed the offenses of disorderly conduct, failure to identify and resisting arrest/detention.    The evidence in this record is uncontroverted that a

---

[4] *Price v. City of San Antonio*, 431 F.3d 890, 892 (2005), abrogated on other grounds, *Wallace v. Kato*, 549 U.S. 384 (2007); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).
[5] *See,* Magistrate's Opinion herein, docket # 26, p. 5 stating "Plaintiff filed his complaint on December 18, 2020, which would render this action timely if the events in question occurred on December 18, 2018, but no  earlier."
[6] Stones's report, Defendants' MSJ Appendix # 01.
[7] *Id.*
[8] Dial is now a Lieutenant with the Royse City Police Dept.
[9] Stones's report, Defendants' MSJ Appendix # 01.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*

reasonable officer in the shoes of the Defendant Officers could have believed their conduct was lawful.  Accordingly, summary judgment should issue in favor of the Officers based upon their qualified immunity.

       4.    <u>Standard of review:</u>  Summary judgment may be granted on any grounds found in the record.[14]  Also, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15]  Summary judgment is appropriate if the record before the Court shows that there is no genuine issue of material fact.[16]  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of <u>material</u> fact."[17]  Such a showing entitles the movants (here, Defendants) to summary judgment as a matter of law.[18] Moving parties need not support their motion with affidavits or other evidence negating the non-movants' claim.[19]  (This is often referred to as the 'no-evidence' motion in State practice)  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[20] *"[T]he substantive law will identify which facts are material.*"[21] An issue becomes material when

---

[14] *E.g., Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016).

[15] Fed. R. Civ. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).

[16] Fed. R. Civ. P. 56(c); and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011); *Turner v. Houma Municipal Fire and Police Civil Service Board*, 229 F.3d 478, 482 (5th Cir.  2000).

[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

[18] Fed.R.Civ.P., Rule 56(c).

[19] *Celotex Corp. v. Catrett, supra* at 322; *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

[20] *Anderson v. Liberty Lobby, Inc., supra* at 251.

[21] *Id.* at 248.

its resolution could affect the outcome of the case.[22]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving parties on that fact issue.[23]  The burden initially is upon the moving parties to identify the evidence on file in the case that demonstrates the absence of any genuine issue of material fact.[24]  To prevail on a 'no-evidence' motion for summary judgment, "the movant[s] must merely demonstrate an absence of evidentiary support in the record for the non-movant's case."[25]  The non-movant must proffer specific facts to establish a genuine issue for trial.[26]

5.    Once movants sustain this initial burden, the opposing party must then present sufficient evidence to create a genuine issue of material fact.[27]  The non-movant in a summary judgment proceeding may not rest upon mere conclusory allegations or denials of the pleadings – non-movant must set forth *specific facts* showing a genuine issue for trial.[28]  However, Plaintiff bears the burden of proof on qualified immunity issues.[29]

6.    Plaintiff must present more than "some metaphysical doubt as to the material facts" in order to rebut a valid motion for summary judgment.[30]  In other words, Plaintiff must go beyond the pleadings and designate specific facts showing the existence of a genuine issue of material fact

---

[22] *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).

[23] *Id.; Cuadra v. Houston Indep. Sch. Dist.*, supra; *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999).

[24] *Celotex Corp. v. Catrett*, *supra* at 323; see also, *Cuadra v. Houston Indep. Sch. Dist., supra*.

[25] *Douglas v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (emphasis added).

[26] *Cuadra v. Houston Indep. Sch. Dist.*, *supra*.

[27] *Id.* at 322-325.

[28] *Id.*; and Fed.R.Civ.P. 56(e).  *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Hightower v. Texas Hosp. Assn.*, 65 F.3d 443, 447 (5th Cir. 1995).; *See also, Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994) (non-movant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].").

[29] *Cass v. City of Abilene*, 814 F.3d, 721, 728 (5th Cir.  2016).

[30] *Matsushita Elec. Indus Co. v. The Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

for trial.[31]  Non-movant may not rest upon the allegations in his pleadings[32]  and "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or 'only a scintilla of evidence.'"[33]  Unsubstantiated assertions are not competent summary judgment evidence.[34]  To fulfill his burden, Plaintiff must "identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."[35]  Evidence not so specified is not properly before the Court on the summary judgment proceedings.[36]  Judgment is required when a party fails to establish the existence of an essential element of his case on which that party will bear the burden of proof at trial.[37]  On this record, Plaintiff cannot establish the essential elements of his claim in the following manner:  Probable cause existed to arrest Plaintiff; thus negating the retaliation charge asserted as to Lt. Dial.  Plaintiff does not meet his burden on the clearly established prong of Officer Short's qualified immunity defense.  Further, there is no genuine issue of material fact as to whether Plaintiff's legal rights under the pleaded theory were deprived.  Plaintiff claims that the alleged camera moved by Officer Short was recording the incident; however, no evidence of any such alleged recording is found in this record.  As set forth below, summary judgment is appropriate in this case because there is no genuine issue of material fact as to the qualified immunity of these Defendants nor as to the existence of the underlying

---

[31] *Id.*

[32] *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. den*. 488 U.S. 926 (1988).

[33] *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Miller v. Graham, 447 F.App'x* 549, 551 (5th Cir. 2011), *Douglass v. United Servs. Auto. Ass'n*, *supra*.

[34] *Little v. Liquid Air Corp., supra; Forsyth v. Barr,* 19 F. 3d 1527, 1533 (5th Cir.), *cert denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

[35] *Ragas v. Tenneessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994);  See, *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 916 (5th Cir.), *cert. den*. 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992). *See also*, Local Rule 56.

[36] *Ragas, supra, Skotak, supra.*,

[37] *Celotex Corp. v. Catrett*, 477 U.S. at 322-324; *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988).

Constitutional claim.  Short did not arrest Plaintiff, had no knowledge that Plaintiff was recording anything (if he was), and knew the police dash cameras were recording the incident which recordings would be preserved and available.  Further, the claim is clearly barred by limitations as established by this Court's docket and filings therein.

7.     The First Amendment claim:  In order to recover on this theory, Plaintiff bears the burden to show that each Defendant knowingly deprived Plaintiff of his rights under the First Amendment.[38]  On this record, Plaintiff cannot meet his burden because Dial was aware of probable cause to make the arrest and Short (who did not arrest Plaintiff) did not know any recording by Plaintiff was taking place, if it was.  The right to record *police* is clearly established in the 5th Circuit.[39]     However, the right is not without limits.  The right remains subject to "reasonable time, place, and manner restrictions."[40]   Those limits on the right to record police are not clearly established in the 5th Cir. therefore, officers should retain their qualified immunity for that reason as the parameters of the right remain to be established in this Circuit.

8.     The qualified immunity standard:   Qualified immunity is a defense available to public officials sued in their individual capacities.   The defense "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[41]  Plaintiff must establish that <u>no</u> reasonable official could have believed the actions of <u>each</u> Defendant were

---

[38] *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998).
[39] *Turner v. Lt. Driver*, 848 F.3d 678, 688 (5th Cir.  2017).
[40] *Id.*
[41] *See, Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815 (2009); (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 201 S.Ct. 2727 (1982)); *Goodman v. Harris Co.*, 571 F.3d 388, 395 (5th Cir. 2009).

lawful.[42]   It is Plaintiff who bears the burden of proof on the issue of qualified immunity.[43]

9.      Determining a public official's entitlement to qualified immunity involves a multi-step inquiry, the first of which is determination of whether Plaintiff has sufficiently presented the violation of a clearly established constitutional right.[44]   Then, a determination must be made as to whether the right allegedly violated was clearly established *under the specific circumstances confronting each official*.[45]   The analytical framework (the order in which the questions may be addressed by the Court) to be applied to a qualified immunity defense has been relaxed by the Supreme Court in the *Pearson* opinion.[46]   However, the substantive aspects of the qualified immunity analysis remain unchanged.   Further, Plaintiff must establish that no reasonable official in the shoes of each Defendant could have believed that the actions taken were consistent with the preservation of the legal right asserted.[47]   Indeed, the Court is prohibited from considering the alleged actions of the individual Defendants collectively for purposes of the qualified immunity analysis.[48]   Thus, the relevant inquiry is whether the alleged conduct of each official in question was objectively reasonable under the circumstances with which each official was confronted.

10.      Even if Plaintiff presents a clearly established right, more is required to overcome the immunity.   Plaintiff must present facts which, if true, establish that no reasonable official in the shoes of each Defendant could have believed that the actions taken by each official, *in the*

---

[42] *Sorenson v. Ferrie, infra,* n. 24.
[43] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008);  *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005) (quoting *Roberts v. City of Shreveport,* 397 F.3d 287, 291 (5th Cir. 2005));  *See, McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).
[44] *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).
[45] *Evans v. Ball*, 168 F.3d 856, 860 (5th Cir. 1999); *Sorenson v. Ferrie*, 134 F.2d 325, 328 (5th Cir. 1998)
[46] *Pearson v. Callahan*, 555 U.S. 223, 128 S.Ct. 1702 (2009).
[47] *Pratt v. Harris Co*., 822 F.3d 174, 181 (5th Cir.) (*cert den*. 137 S.Ct. 1121, 2017); *Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007); *Jacobs v. West Feliciana Sheriff's Department,* 228 F.3d 388, 395 (5th Cir.2000); *Sorenson v. Ferrie*, 134 F.3d 325 (5th Cir. 1998).
[48] *Meadours, supra*.

*circumstances confronting that particular Defendant*, were consistent with the pleaded legal rights.[49]  *If reasonable officials could differ on the legality of a defendant's actions*, then qualified immunity is a bar to liability and to suit.[50]   In order to hold a Defendant-official's actions to be objectively <u>un</u>reasonable, Plaintiff bears the burden to establish that *all* reasonable officials in the shoes of each Defendant in question would have known at the time that the alleged actions of the particular Defendant deprived Plaintiff of the Constitutional right in question.[51]  The Fifth Circuit recently clarified this standard by holding that Plaintiff has the burden of showing that the illegality of the officers' actions is "beyond debate"[52] thus confirming the notion that Plaintiff must present sufficient specific evidence of circumstances under which <u>no</u> reasonable official could have believed the alleged conduct was lawful.  As aptly stated by Fifth Circuit Justice Oldham, this question is a "doozy".[53] Plaintiff does not overcome qualified immunity by merely alleging "that a violation *arguably* occurred." [54]

11.   The burden initially is upon the moving parties to identify evidence that demonstrates the absence of any genuine issue of material fact.[55]  Plaintiff must then make a showing to create a genuine issue of material fact.[56]  He must set forth specific facts which establish a genuine issue for trial.[57]  This requires more than "some metaphysical doubt as

---

[49] *See, Graham v. Conner*, 490 U.S. 386 (1989)*;  Sorenson v. Ferrie, supra*.

[50] *Pfannsteil v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990).

[51] *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273 (5th Cir. 2002).

[52] *Morgan v. Swanson, et. al.,* 659 F.3d 359, 371 (5th Cir.  Sept. 27th, 2011) (en banc).  Defendants respectfully submit that the debate on the issue as reflected by the record herein precludes Plaintiffs from meeting this burden.

[53] *Morrow, supra* at 874.

[54] *Thompson v. Mercer*, 762 F.3d 433, 437 (5th Cir.), *cert den.* 135 S.Ct. 1492 (2015) (quoting *Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1212 (5th Cir. 1989)) (emphasis in original).

[55] *Celotex Corp. v. Catrett, supra,* 477 U.S. at 323.

[56] *Id.* at 322-325.

[57] *Id.*; Fed.R.Civ.P. 56(e); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *Forsyth v. Barr*, 19

to the material facts".[58]   He must go beyond the pleadings and designate specific facts showing the existence of a genuine issue of material fact for trial.[59]   Plaintiff may not, therefore, rest upon mere conclusory allegations in the pleadings. To prevail on this motion, "movant[s] must merely demonstrate an absence of evidentiary support in the record for the non-movant's case."[60]   Plaintiff must "identify specific evidence in the record and to articulate the precise manner in which that evidence supports [his] … claim."[61]   Evidence which is not so specified is not properly before the Court on the summary judgment proceedings.[62]   Merely cluttering the record with volumes of documents or briefing without specifics is insufficient to meet this burden.[63]   Judgment is required when a party fails to establish the existence of an essential element of their case on which that party will bear the burden of proof at trial.[64]   Plaintiff cannot meet these burdens on this record and judgment for Defendants should issue. Plaintiff may only avoid summary judgment only by presenting evidence which would create a material issue of fact as to the claim asserted as to these Defendants.[65]   This record does not contain sufficient evidence to establish circumstances which would overcome the qualified immunity of

---

F.3d 1527, 1537 (5th Cir.), *cert. denied*, 115 S.Ct. 195 (1994) (non-movant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] their claim."). Plaintiffs have the option, should they so choose, to merely argue that movant has not met its initial burden without submission of additional evidence. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 198-99. (5th Cir.) cert. den. 488 U.S. 926 (1988).

[58] *Matsushita Elec. Indus Co. v. The Zenith Radio Corp*., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

[59] *Id.*at 587.

[60] *Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 424 (5th Cir. 2000).

[61] *Ragas v. Tenneessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *see*, *Forsyth v. Barr*, *supra* at 1537.

[62] *Ragas, supra; Skotak, supra.*

[63] *Ragas, id.*; *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

[64] *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323; *Washington v. Armstrong World Industries, Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988).

[65] *Burns v. City of Galveston*, 905 F.2d 100, 102 (5th Cir. 1990).

the individual Defendants herein.   Furthermore, the evidence presented by Defendants establishes that a reasonable official in the shoes of <u>each</u> Defendant[66] *could* have believed that such Defendant's actions were lawful and consistent with the preservation of decedent's right to record police officers.   This is because the parameters of the right are <u>not</u> clearly established 'beyond debate' and a reasonable officer in the shoes of Defendants herein would not understand that their alleged conduct was arguably unlawful.   Therefore, Plaintiff cannot meet his burden and his claims herein are barred by qualified immunity.

12.   <u>Conclusion</u>:   For the foregoing reasons, these Defendants move for summary judgment as to Plaintiffs' remaining[67] First Amendment claim pursuant to F.R.C.P. 56 as there is no genuine issue of material fact on this record as to whether a Constitutional deprivation occurred nor as to each Defendant's qualified immunity from such claim.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that they go hence without day and recover costs, including reasonable attorney's fees, in this behalf expended. Defendants further pray for such other and further relief, both general and special, to which they may be justly entitled.

Respectfully submitted,

By:   **/s/ Joe C. Tooley**
        State Bar No. 20129750
State Bar No. 20129750
510 Turtle Cove, Suite 112
Rockwall, Texas 75087
(972) 722-1058
(972) 722-1070 (Facsimile)
Joe@TooleyLaw.com

ATTORNEY FOR DEFENDANTS

---

[66] Indeed, Defendant's actions must be considered independently in this analysis.
[67] Plaintiff's other claims were previously disposed of by this Honorable Court.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, as modified by this Court's ECF Orders, on this 17th day of January, 2023.

**/s/ Joe C. Tooley**