IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINSTON WESLEY NOLES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:20-CV-3677-N-BK |
| | § | |
| NICK DIAL, POLICE OFFICER, ROYSE CITY TX, IN HIS INDIVIDUAL CAPACITY AND KEITH SHORT, POLICE OFFICER, ROYSE CITY TX, IN HIS INDIVIDUAL CAPACITY, | § | |
| | § | |
| DEFENDANTS. | § | |

**ORDER**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, *Defendants' First Motion for Protective Order (and Motion to Quash)*, Doc. 46, is before the Court for determination. Upon consideration, the motion is **DENIED**.

By way of background, in December 2020, the then-*pro se* Plaintiff filed this action against the Defendant police officers in their individual capacities pursuant to 42 U.S.C. § 1983. He alleged that one or both Defendants violated his First, Fourth, and Fourteenth Amendment rights when they searched and seized his property without probable cause, violently arrested him, and detained him for engaging in protected political speech, namely holding placards—some of which contained profanity—by the side of a public highway. Doc. 3 at 3-12.

Defendants filed essentially identical motions to dismiss asserting, *inter alia*, a qualified immunity defense. Doc. 10; Doc. 16. The undersigned recommended that Defendants' motions

be granted as to (1) Plaintiff's Fourth and Fourteenth Amendment claims; and (2) his First Amendment claims regarding his right to redress and to be free from a prior restraint. Doc. 26 at 3, 13-15. The undersigned found, however, that Defendants were not entitled to qualified immunity for Plaintiff's remaining First Amendment claims, namely (1) freedom of speech and public assembly as related to his displaying the placards and recording his interaction with Defendants; and (2) retaliation. See Doc. 26 at 7-10, 12-13. Absent any objections, the district judge accepted this recommendation, dismissed Plaintiff's claims in part, and gave Plaintiff 14 days to file an amended complaint. Doc. 27.

When Plaintiff did not do so, Defendants moved to dismiss Plaintiff's remaining First Amendment claims with prejudice. Doc. 28 at 2. The Court denied the motion because it already had concluded that Plaintiff sufficiently pled those claims, and Plaintiff was not obligated to file an amended complaint in an attempt to cure his dismissed claims. Doc. 31; Doc. 32. Shortly thereafter, the Court entered a *Scheduling Order*, which set a discovery deadline of December 19, 2022. Doc. 36. Plaintiff then filed the operative *First Amended Complaint* in which he reiterates his surviving First Amendment claims and asserts a new claim for malicious prosecution. Doc. 38. Defendants have again moved to dismiss Plaintiff's First Amendment claims based on, *inter alia*, qualified immunity. Doc. 40 at 3-9. That motion remains pending.

Defendants now move for a protective order, seeking to preclude all discovery until the Court resolves their reasserted qualified immunity defense. Doc. 46 at 1-2 & n.4 (citing *Carswell v. Camp*, 37 F.4th 1062, 1065 (5th Cir. 2022)). Separately, Defendants also move to quash Plaintiff's deposition notices duces tecum. Doc. 46 at 1-2. Finally, Defendants request that the Court rescind all unexpired deadlines in the *Scheduling Order*. Doc. 46 at 2. Plaintiff opposes the motion, noting that he appeared for his own deposition on November 18, 2022, based on

Defendants' agreements to be deposed on December 6 and 19, 2022. *See* Doc. 47 at 4 ("Since taking Plaintiff's deposition on 11/18/22, there has been no change in material facts or legal precedent that could justify Defendants' counsel's gamesmanship.").

The Court readily concludes that Defendants' argument is meritless. The Court already ruled that Defendants are not entitled to qualified immunity on Plaintiff's pending First Amendment claims. Indeed, Plaintiff's *First Amended Complaint* realleges those claims in terms virtually identical to those in his original complaint. Defendants' caselaw is thus inapposite. *See Carswell v. Camp*, No. 21-10171, __ F.4th __, 2022 WL 17335977 (5th Cir. Nov. 30, 2022) ("[W]here the pleadings are insufficient to overcome [qualified immunity], the district court *must* grant the motion to dismiss without the benefit of pre-dismissal discovery.") (emphasis in original). Discovery is and has been appropriate since the Court entered the *Scheduling Order* in June 2022.

Defendants alternatively assert, in wholly conclusory fashion, that Plaintiff's deposition notices should be quashed because the "requests are overly broad, vague, and invasive of Defendant's work-product and attorney-client communication privileges and exemptions from discovery." Doc. 46 at 2. Defendants' argument is bereft of any analysis or legal citations, and the Court thus declines to address it. *See Willis v. Cleco Corp.*, 749 F.3d 314, 318 n.3 (5th Cir. 2014) (disregarding an argument "giv[ing] scant, if not conclusory attention to the record: citations are minimal, and legal analysis relating facts to the law is largely absent.").

For the foregoing reasons, *Defendants' First Motion for Protective Order (and Motion to Quash)*, Doc. 46, is **DENIED**. The Court *sua sponte* extends the discovery deadline to **February 16, 2023**. Defendants are **ORDERED** to respond to all outstanding discovery requests within 14

days of the date of this Order. The parties are further ordered to schedule Defendants' depositions forthwith, to take place on mutually agreeable dates.

    **SO ORDERED** on January 17, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE