**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WINSTON WESLEY NOLES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. 3:20-CV-03677-N-BK** |
| | § | |
| **NICK DIAL & KEITH SHORT,** | § | |
| **Defendants.** | § | |
| | § | |

**PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTION AND RESPONSE
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**TO THE HONORABLE JUDGE DAVID GODBEY:**

Plaintiff Winston Wesley Noles, through his undersigned counsel, files this Brief in

Support of his Objection and Response to Defendants' Motion for Summary Judgment:

**I.  Objection**

Plaintiff objects to Defendant's Motion for Summary Judgment (Doc. 55) and Brief in

Support (Doc. 57) (collectively, "Defendants' Motion") because the Brief in Support (Id.)

defectively asserts Defendants' version of the facts in violation of Fed. R. Civ. P. 56(c). In a motion

for summary judgment, "[a] party asserting that a fact cannot be . . . disputed must support the

assertion by citing to particular parts of materials in the record [or] showing that the materials cited

do not establish the . . . presence of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1)–56(c)(1)(B).

"A party may object that the material cited to support or dispute a fact cannot be presented in a

form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Although Defendants'

Motion dedicates the bulk of its text to an argument for summary judgment based on qualified

immunity,[1] the Brief in Support presents approximately one page of Defendants' version of the facts (Doc. 57 at 2–3) and describes these "facts" as "uncontroverted." Id. at 2.

Defendants' presentation of facts fails to satisfy the requirements of Fed. R. Civ. P. 56(c) by either (i) omitting any citation to the record (e.g., "Sgt. Dial and Officer Clark (not a party hereto) arrested Plaintiff based upon their observations that probable cause existed to believe that Plaintiff had committed the offenses of disorderly conduct, failure to identify and resisting arrest/detention." Doc. 57 at 2) or (ii) citing to the facts Defendants' expert witness relied upon in his report submitted by Defendants as an appendix to Defendants' Motion. Doc. 57 at 2 (citing Defendant's Expert Report, Doc. 56-1). Aside from the obvious defect that the expert failed to swear to the contents of his report, the "facts" as written in the expert report are inadmissible hearsay for which no exception exists. Unless Defendants can show otherwise, such "facts" could never be presented in a form that would be admissible in evidence because the expert has no personal knowledge of any facts in this case. See Doc. 56-1; Fed. R. Civ. P. 56(c)(2).

## II.  Response

The Court should deny Defendant's Motion because (a) the Court has repeatedly ruled that Defendants do not have qualified immunity for Plaintiff's First Amendment claims (Docs. 26, 27, 58 at 3); (b) Defendants' Motion comes before Plaintiff has completed important discovery, including obtaining transcripts of Defendants' depositions taken on February 3, 2023, and taking Defendants' expert's deposition scheduled for February 15, 2023; and (c) the doctrine of equitable tolling applies to Plaintiff's First Amendment claims.

---

[1] This Court has already ruled (Docs. 26, 27) and reaffirmed (Doc. 58 at 3) that Defendants do not have qualified immunity for Plaintiff's First Amendment claims.

**a. The Court has decisively rejected Defendants' qualified immunity arguments.**

Defendants' Motion argues that Plaintiff's First Amendment claims are barred by qualified immunity. Docs. 55, 57 at 6–10. However, the Court has long since ruled against Defendants on this issue. Doc. 26. Each Defendant asserted qualified immunity nearly two years ago in separate but substantively identical Motions to Dismiss filed February 19, 2021, and April 9, 2021 (collectively, "Defendants' First Motions to Dismiss"). Doc. 10 at ¶ 1; Doc. 16 at ¶ 1. This Court ruled that several of Plaintiff's First Amendment claims survive because Defendants do not have qualified immunity for those claims. Doc. 26 at 8–10, 12–13. Defendants did not object to, or appeal, the Court's ruling.

After that unequivocal ruling against Defendants on qualified immunity, Defendants reasserted qualified immunity in a new Motion to Dismiss (Doc. 39), a Motion to Quash (Doc. 46), and a Motion to Reconsider Scheduling Order (Doc. 49). The Court has not ruled on the Motion to Dismiss or the Motion to Reconsider Scheduling Order. However, in its order denying Defendants' Motion to Quash, the Court made absolutely clear that "[t]he Court already ruled that Defendants are not entitled to qualified immunity on Plaintiff's pending First Amendment claims." Doc. 58 at 3.

Further, Defendants have not presented any summary judgment evidence to support their assertions of qualified immunity. The only summary judgment evidence pertaining to the immunity issue is the dashcam video submitted by Plaintiff (Pl. App. at 7), which corroborates the allegations in his Amended Complaint which this Court has held defeat qualified immunity. The Court should deny Defendants' Motion because it again asserts the already-rejected qualified immunity defense without presenting any factual evidence.

**b. Defendants' Motion comes before Plaintiff has had the opportunity to complete important discovery.**

In Defendants' Motion, they argue that "the deprivations alleged by Plaintiff are unsupported such as there is no issue of material fact remaining which could support [Plaintiff's claims]." (Doc. 55 at 1). The Court should deny Defendants' Motion because Plaintiff has not had an opportunity to develop the facts in this case by completing important discovery, including the deposition of their expert witness. In the original Scheduling Order filed June 17, 2022, the Court established a discovery deadline of December 19, 2022. On November 10, 2022, Plaintiff served Defendants with requests to produce documents, and shortly thereafter the parties agreed on Defendants' deposition dates (See Doc. 46, Ex. 1 (Defendant Short on 12/6/22 at 1:00pm; Defendant Dial on 12/19/22 at 1:00pm)). Defendants took Plaintiff's deposition on 11/18/22, then moved to quash all discovery in this case (Doc. 46) and failed to appear for their own scheduled depositions. Defendants did not respond to Plaintiff's request to produce documents before the discovery deadline.

On January 17, 2023, one day after the dispositive motion deadline, Defendants filed this motion. Later the same day, the Court issued an order denying Defendants' Motion to Quash and *sua sponte* extended the discovery deadline to February 16, 2023. Doc. 58 at 3. The Court also ordered Defendants to respond to all outstanding discovery requests by January 31, 2023. Id. at 3– 4. Finally, the Court ordered Defendants to appear for their depositions. See id. at 4. Although Plaintiff deposed Defendants Dial and Short on February 3, 2023, the transcripts are not yet available. Plaintiff intends to depose Defendants' expert witness on February 15, 2023. The Court should deny Defendants' Motion because Plaintiff has not had adequate time to complete discovery. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)("[T]he plain language of Rule

56(c) mandates the entry of summary judgment, **after adequate time for discovery** (emphasis added). . . ”). Defendants' Motion is premature.

**c. Because the doctrine of equitable tolling applies to Plaintiff's claims, the applicable statute of limitations has not expired.**

Defendants' Motion argues that "Plaintiff's claims are barred by the applicable statute of limitations," (Doc. 55) but the Court should deny Defendants' Motion because the doctrine of equitable tolling applies. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Lambert v. U.S., 44 F.3d 296, 298 (5th Cir. 1995); Emmons v. Painter, 2021 WL 2832977 at *6 (W.D. Tex. May 23, 2021). The applicable two-year limitations period for Plaintiff's First Amendment claims should be tolled for the same reasons Judge Edison applied the doctrine to Plaintiff's Title VII claims in Jefferson v. Haza Foods, 2018 WL 5268756 at *4 (S.D. Tex. Oct. 5, 2018): (1) he has been pursuing his rights diligently, and (2) an extraordinary circumstance stood in his way and prevented timely filing. See Menominee Indian Tribe of Wis. v. United States, 136 S.Ct. 750, 755 (2016)(quoting Holland v. Florida, 560 U.S. 631, 649 (2010)).

Plaintiff mailed his pro se Original Complaint to the District Clerk on December 11, 2020, less than two years after he was arrested by Defendants on December 16, 2018. Doc. 3. Although he mailed it by United States Postal Service Priority Mail 2-Day, with an "Expected Delivery Day" of December 14, 2020, it was not file-stamped until December 18, 2020. Doc. 3 at 56. This delay in delivery occurred due to no fault of the Plaintiff—the shipment occurred during historic holiday mail volume, in the middle of the Covid-19 pandemic, during an unexpected period of homelessness for Plaintiff. See December 14, 2020, USPS Postal News Release (Pl. App at 1–2)(illustrating the extraordinary USPS operational problems during the relevant time period); USPS Tracking Plus Statement (Id. at 3)(showing daily shipping delays for the Original Complaint

specifically); <u>Declaration of Winston Noles</u> (<u>Id.</u> at 4–5)(declaring the facts surrounding Plaintiff's homelessness and the resulting negative impact on Plaintiff's timely filing of his claims).

Recognizing the exigent circumstances created by the Covid-19 pandemic, on March 13, 2020, Chief Judge Lynn signed Special Order No. 13-5. Paragraph 3 of her order states: "[a]ll deadlines are suspended and tolled for all purposes, including the statute of limitations, from today [March 13, 2020] through May 1, 2020." This 49-day extension of the statute of limitations is more than enough to save Plaintiff's First Amendment claims in this case.

Finally, Defendants have not addressed Plaintiff's malicious prosecution claim in the Motion, although they did assert a limitations defense to it in their most recent motion to dismiss (Doc. 39).  Plaintiff filed his malicious prosecution claim against both Defendants before expiration of the applicable statute of limitations, without consideration of the application of the doctrine of equitable tolling. Plaintiff's claim for malicious prosecution accrued on February 2, 2022, the date that the criminal charges for disorderly conduct arising out of his arrest by Defendants were dismissed. <u>See</u> Order of Dismissal in Cause No. 180004049, <u>State of Texas v. Winston Wesley Noles</u> (Pl. App. at 6)(showing the date of dismissal), <u>Torres v. GSC Enterprises, Inc.</u>, 242 S.W. 3d 553, 561 (Tex. App.—El Paso 2007, no pet.), and <u>Leal v. American Nat'l Ins. Co.</u>, 928 S.W. 2d 592, 597 (Tex. App.—Corpus Christi 1996, writ denied). The one-year statute of limitations applicable to Plaintiff's malicious prosecution claim, therefore, does not bar his claim. <u>See</u> Tex. Civ. Prac. & Rem. Code Ann. 16.002(a).

WHEREFORE, Plaintiff Winston Wesley Noles prays that Defendants' Motion for Summary Judgment be denied.

Respectfully submitted,

CHANDLER & SHAVIN, PLLC
12377 Merit Drive, Suite 880

Dallas, Texas 75251

By: /s/ Daniel Alexander
Of Counsel
Texas Bar No. 24110752
469-236-4503 (tel)
alexander@chandlershavin.com

Eliot Shavin
Texas Bar No. 18138200
214-522-2010 (tel)
shavin@chandlershavin.com

Corinna Chandler
Texas Bar No. 24061272
972-863-9063 (tel)
972-692-5220 (fax)
chandler@chandlershavin.com

**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via the Court's ecf system on this the 6th day of February, 2023.

*/s/ Daniel Alexander*
Daniel Alexander