IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WINSTON WESLEY NOLES, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:20-CV-3677-N-BK |
| | § | |
| NICK DIAL, POLICE OFFICER, | § | |
| ROYSE CITY TX, IN HIS | § | |
| INDIVIDUAL CAPACITY AND KEITH | § | |
| SHORT, POLICE OFFICER, ROYSE | § | |
| CITY TX, IN HIS INDIVIDUAL | § | |
| CAPACITY, | § | |
| | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Defendants' *Motion to Dismiss*, Doc. 39, is before the Court for findings and a recommended disposition. Upon consideration, the motion should be **GRANTED IN PART**.

**I. BACKGROUND**

In December 2020, the then-*pro se* Plaintiff filed this action against Defendant police officers in their individual capacities under 42 U.S.C. § 1983. Doc. 3. He alleged that Defendants violated his First, Fourth, and Fourteenth Amendment rights when they searched and seized his property without probable cause, violently arrested him, and detained him for engaging in protected political speech, namely holding placards—some of which contained profanity—by the side of a public highway. Doc. 3 at 3-12. Defendants have filed essentially

identical motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting, *inter alia*, statute of limitations and qualified immunity defenses. Doc. 10; Doc. 16.

Because the date of the underlying incident was not clear from the face of the complaint, the Court determined that dismissal based on limitations was not warranted. Doc. 26 at 5. On the issue of qualified immunity, the Court recommended that Defendants' motions be granted as to (1) Plaintiff's Fourth and Fourteenth Amendment claims; and (2) his First Amendment claims regarding his right to redress and to be free from a prior restraint. Doc. 26 at 3, 13-15. The undersigned found, however, that Defendants were not entitled to qualified immunity for Plaintiff's remaining First Amendment claims, namely (1) freedom of speech and public assembly as related to his displaying the placards and recording his interaction with Defendants; and (2) retaliation. *See* Doc. 26 at 7-13. In the absence of any objections, the district judge accepted this recommendation, dismissed Plaintiff's claims in part, and gave Plaintiff 14 days to file an amended complaint. Doc. 27.

When Plaintiff did not do so, Defendants moved to dismiss, *inter alia*, his still-pending First Amendment claims with prejudice. Doc. 28 at 2. The Court denied the motion because it already had concluded Plaintiff sufficiently pled those claims, and Plaintiff was not obligated to file an amended complaint to try to cure his dismissed claims. Doc. 31; Doc. 32. Plaintiff then filed the operative *First Amended Complaint* in which he (1) reiterates his surviving First Amendment claims; (2) asserts a new claim for malicious prosecution in light of the dismissal of the charges against him for "disorderly conduct-obscene language" and resisting arrest; and (3) clarifies that the underlying events occurred on December 16, 2018. Doc. 38 at 3, 11-19. Defendants again move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6). Doc. 39.

## II. ANALYSIS

### A. Qualified Immunity

Defendants once more assert their entitlement to qualified immunity on Plaintiff's First Amendment claims. Doc. 40 at 5-9. The Court, however, has already ruled that Defendants are not entitled to qualified immunity on Plaintiff's live First Amendment claims. Indeed, Plaintiff's *First Amended Complaint* realleges those claims in terms virtually identical to those in the original complaint. The cases Defendants cite are thus inapposite. *See Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) ("[W]here the pleadings are insufficient to overcome [qualified immunity], the district court *must* grant the motion to dismiss without the benefit of pre-dismissal discovery.") (emphasis in original).

### B. Statute of Limitations

Defendants next argue that Plaintiff's First Amendment and malicious prosecution claims are barred by the applicable statutes of limitation because the underlying events took place on December 16, 2018, but Plaintiff did not file suit until December 18, 2020. Doc. 40 at 9-10.

*1. First Amendment Claims*

Section 1983 does not have a specified statute of limitations, so federal courts borrow the general personal injury limitations period from the state in which they sit. *Owens v. Okure*, 488 U.S. 235, 239, 240-41 (1989). In Texas, the personal injury statute of limitations is two years. *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993). Although federal courts look to state law to determine the limitations period, "federal law governs when a cause of action under § 1983 accrues . . . [i.e.] when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gatrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993).

Here, Plaintiff knew of his alleged constitutional injuries on the date of the event but filed his complaint two days after the statute of limitations expired. He asserts that the limitations period should be equitably tolled, however, because (1) he pursued his rights diligently; (2) the United States Postal Service ("USPS") caused the delay by delivering his complaint to the courthouse outside the two-day, priority delivery period;[1] (3) he was homeless for a period of time and had limited access to the resources he required to draft the complaint; and (4) the Court should take into account the worsening COVID-19 pandemic as of December 2020, resulting USPS employee shortages, and mail delays caused by "a historic record of holiday volume." Doc. 42 at 3-4.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930–31 (5th Cir. 2000) (internal quotations omitted). Equitable tolling requires a litigant to show that he "has been pursuing his rights diligently" and that some "extraordinary circumstance" prevented him from timely filing. *Crostley v. Lamar Cnty.*, 717 F.3d 410, 421 (5th Cir. 2013) (citations omitted); *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("[Federal courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").

---

[1] Plaintiff also attaches as supporting exhibits to his response a USPS newsletter and mail-tracking statement. Doc. 42-1; Doc. 42-2. The Court does have discretion to "consider documents attached to either a motion to dismiss" or a response "to that motion when the documents are referred to in the pleadings and central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). Here, however, the outcome would be the same regardless of the exhibits' contents.

In section 1983 actions, federal courts apply the forum state's tolling provisions. *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018). In Texas, two doctrines may toll limitations or delay accrual: (1) fraudulent concealment; and (2) instances where a party's injury is "both inherently undiscoverable and objectively verifiable." *Moon v. City of El Paso*, 906 F.3d 352, 358-59 (5th Cir. 2018). Plaintiff does not rely on either type of tolling provision, and neither appears to have any applicability here.

What's more, Plaintiff did not pursue his rights diligently because he acknowledges he did not mail his complaint until five days before the two-year statute of limitations expired. Texas courts have declined to apply equitable tolling under similar circumstances. *See Lowe v. Rivera*, 60 S.W.3d 366, 370-71 (Tex. App.—Dallas 2001) (equitable tolling was not warranted when the plaintiff mistakenly believed the courthouse was closed on the last day of the limitations period); *Boone v. St. Paul Fire & Marine Ins. Co.,* 968 S.W.2d 468, 470 (Tex.App.—Fort Worth 1998, pet. denied) (holding that plaintiff's mistaken belief that courthouse was closed on the day the limitations period expired did not justify tolling because he presented no evidence of diligence in attempting to file the petition timely); *see also Spencer v. Doe*, No. 3:10-CV-1801-N-BH, 2011 WL 3444336, at *3 (N.D. Tex. June 2, 2011) (Ramirez, J.) (holding that equitable tolling did not apply where imprisoned plaintiff did not mail his complaint until 17 days before the statute of limitations expired), *adopted by* 2011 WL 3468383 (N.D. Tex. Aug. 4, 2011) (Godbey, J.).

Plaintiff's temporary homelessness, the ongoing COVID-19 pandemic, and his reliance on USPS also do not warrant equitable tolling, as courts have rejected similar arguments. *See Robinson v. Dallas Police Dep't*, 275 F.3d 1080, at *1 (5th Cir. 2001) (per curiam) (unpublished)

5

(rejecting argument that limitations should be equitably tolled under Texas law simply because the prisoner litigant was illiterate and seeking the assistance of counsel); *Lee v. McDonough*, No. 4:19-CV-00043-O-BP, 2021 WL 4027537, at *4 (N.D. Tex. July 1, 2021) (Ray, J.) (holding that equitable tolling did not apply despite plaintiff's mobility issues and reliance on USPS to deliver mail), *adopted by* 2021 WL 4027368 (N.D. Tex. Aug. 2, 2021) (O'Connor, J.); *see also Johnson v. McBride*, 381 F.3d 587, 589 (7th Cir. 2004) (holding that a prisoner, whose habeas petition was mailed to court by his attorney and arrived one day after the limitations period expired, was not entitled to equitable tolling because the litigant did not diligently seek relief); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) ("While the inefficiencies of the United States Postal Service may be a circumstance beyond [petitioner's] control, the problem was one that [petitioner's] counsel could have avoided by mailing the motion earlier or by using a private delivery service or even a private courier."); *also cf. Walker v. Statewide Healthcare Servs., LLC*, No. 3:17-CV-1035-CWR-FKB, 2018 WL 2407651, at *1 n.2 (S.D. Miss. Mar. 26, 2018) ("It does not matter that Fedex delivered the complaint too late. That error falls on Fedex, not on Statewide. Today's facts do not warrant equitable tolling.") (citation omitted).

Because Plaintiff filed this action two days after the two-year statute of limitations governing his section 1983 claims expired and has not demonstrated that he is entitled to equitable tolling, those claims should be dismissed as untimely.

   *2. Malicious Prosecution Claim*

A person unjustifiably subjected to criminal proceedings may be able to establish a common law claim for malicious prosecution. *Lesher v. Coyel*, 435 S.W.3d 423, 427 (Tex. App.—Dallas 2014) (citation omitted). The statute of limitations for filing a malicious

prosecution claim is one year, which commences when the criminal prosecution is terminated in the plaintiff's favor. TEX. CIV. PRAC. & REM. CODE § 16.002; *Patrick v. Howard*, 904 S.W.2d 941, 942 (Tex. App.—Austin 1995) (holding that the plaintiff's criminal prosecution was terminated when the indictment against him was dismissed). Plaintiff argues that his claim for malicious prosecution did not accrue until February 2, 2022, when the criminal charges against him were dismissed, rendering his *First Amended Complaint*, filed less than six months later, timely. Doc. 42 at 5. The Court concurs.

Defendants also contend that the *First Amended Complaint* does not contain the required factual allegations that the criminal proceedings terminated in Plaintiff's favor, he was innocent of the charges, and Defendants' actions were malicious. Doc. 40 at 10. A plaintiff bringing a claim of malicious prosecution must demonstrate that (1) a criminal prosecution was commenced against him; (2) the defendant initiated or procured that prosecution; (3) the prosecution terminated in the plaintiff's favor; (4) he was innocent of the charges; (5) the defendant lacked probable cause to initiate the prosecution; (6) the defendant acted with malice; and (7) the plaintiff suffered damages. *Futerfas v. Park Towers*, 707 S.W.2d 149, 161 (Tex. App.—Dallas 1986). Here, the *First Amended Complaint* contains allegations sufficient to support each challenged element of a malicious prosecution claim as Plaintiff avers he was arrested for engaging in protected First Amendment activity, the charges against him were dismissed, and Defendants acted with malice. This is sufficient to state a claim for relief. *Id.*

### III. CONCLUSION

For the foregoing reasons, Defendants' *Motion to Dismiss*, Doc. 39, should be **GRANTED IN PART** and Plaintiff's section 1983 claims should be **DISMISSED WITH PREJUDICE**.[2]

**SO RECOMMENDED** on March 1, 2023.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[2] If the Court accepts this recommendation, Defendant's pending *Motion for Summary Judgment*, which challenges only Plaintiff's section 1983 claims, may be terminated as moot. *See* Doc. 55.